## WATSON v. JOHNSON ET AL.

LIEN—*Landlords' for rent, superior to mortgagee's.*
    The lien of a landlord on the crop of his tenant for rent, is superior to that of a mortgagee
*Pleading and Practice—new matter.*
    Under the Code practice no reply is allowed setting up matter of defense only. The statute makes issue to matters of avoidance, and they must be proved.

APPEAL from *Ashley* Circuit in Chancery.

Hon. ——————— Circuit Judge.

*Van Gilder*, for appellant.

ENGLISH, C. J. :

The bill in this case was filed on the chancery side of the Circuit Court of Ashley county, in July 1877, by E. D. Watson, against A. L. Johnson and Isaac Cohen, to foreclose and enforce the lien of a mortgage upon cotton.

The bill alleged, in substance, that on the 29th day or February, 1876, defendant Johnson, executed to complainant a mortgage, to secure his then indebtedness, and also such advances as complainant might make to him during that year, whereby he conveyed to complainant, among other things, the crop of cotton that he would raise on fifteen acres of ground on a place in Ashley county, known as the Robert Daniel place—which mortgage was acknowledged and filed for registration in the recorder's office of Ashley county on the day it was executed, and duly recorded, and is exhibited and made part of the complaint.

That the mortgage was conditioned to be void if Johnson paid complainant all his indebtedness on or before the 1st of November, 1876, which he wholly failed to do.

That he was indebted to complainant in the sum of $162.46, for goods, wares and merchandise advanced to him upon the mortgage, as per bill of particulars made an exhibit.

46

That in the year 1876 there was grown and raised on the fifteen acres of land above described, gathered, ginned and baled 1,542 pounds of lint cotton or more; and that defendant, Isaac Cohen, without consent of complainant, took possession of said cotton on or about the — day of February, 1877, and so disposed of the same as to put it out of the power of complainant to get possession thereof, and out of the reach of the process of the court. That the cotton, so disposed of by him, was of the value of about $180.50.

Prayer for decree against defendant, Johnson, for $162.46, etc.; that the lien of the mortgage be declared and enforced against the cotton, etc., and for decree against Cohen for the sum due to complainant from Johnson.

Johnson did not answer the bill but made default.

Cohen answered, in substance, that he knew nothing of the alleged transaction between complainant and Johnson, except from the statements of the bill.

That he had no certain knowledge as to the amount of cotton raised by Johnson on the Robert Daniel place in the year 1876. Denies that he took any cotton from complainant, with or without his consent. Admits that he did receive of Johnson three bales of cotton, produced on said place in the year 1876, but states that it was in payment of the rent for that year, and that the cotton did not weigh more than 1200 pounds, and was sold in New Orleans for the net sum of $105. That it was not necessary that he should have the consent of the complainant to enable him rightfully to receive said cotton. That he took the cotton as coming from Johnson to Julia A. Daniel, to discharge a debt which she owed respondent. That his connection with the whole affair was brought about in this way, and in no other manner: That is to say, the said Julia A. Daniel had rented to Johnson a portion of the Robert Daniel place (that part mentioned in the bill) for the year 1876, for the

. um of $109, and taken his note therefor. That she was desir-
ous of purchasing goods and supplies of respondent during
said year, and to enable her to do so, she delivered to him said
rent note for $105, as collateral security for such articles as
she might purchase of him. That in pursuance of this arrange-
ment she bought of him more than $105 worth of goods and
supplies. And in the month of October or November, 1876,
respondent carried the note to Johnson and demanded the rent,
having with him Julia A. Daniel's agent Joseph Daniel, and
Johnson, then and there delivered a lot of seed cotton to the
respondent, which amounted to three bales of lint cotton, and
respondent, under the directions of the agent of said Julia A.
Daniel, then and there delivered up the rent note to Johnson,
That the said cotton was afterwards ginned and baled by John-
son, and the three bales delivered at points named for ship-
ment.

Respondent submits, that holding the rent note as collateral
security for a subsisting debt, based on the faith of the note,
entitled him to receive said cotton, and that complainant had
no manner of lien thereon, and ought not, in good conscience,
to have a decree against him for any sum whatever.

The cause was heard upon bill and answer, and decree ren-
dered against Johnson for $162.46, and the bill dismissed as
to Cohen, and complainant appealed.

The lien of Mrs. Daniel upon the cotton, for rent, was para-
mount to the lien of appellant under the mortgage, (*Tomlinson*
v. *Greenfield*, 31 Ark., 558), and if appellee had proven the
matters in evidence alleged in his answer, the decree would
have been right.

Under the Code practice no reply is allowed to an answer
setting up matters of defense only. The statute makes an
issue to matters in avoidance alleged in the answer. *Gantt's
Digest*, 4561, 4569, 4608.

Appellee admitted, in effect, the execution and registration of the mortgage, and that he had received of Johnson, the mortgagor, three bales of the cotton covered by the mortgage, and appropriated them to his own use. To avoid the effect of these admissions, he alleged, in substance, that Mrs. Daniel had a lien on the cotton for rent, and that the three bales of cotton received and appropriated by him were, in effect, delivered to her in payment of rent. The *onus* of proving these allegations—this new matter in avoidance, was upon him.

The cause having been heard on bill and answer, without deposition or oral proof, and the material allegations of the bill being admitted, and the affirmative allegations of the answer made by way of avoidance, being put at issue by the statute, and not proven by the appellee, appellant was entitled to a decree against him.

The decree must be reversed, and the cause remanded for a re-hearing, with leave to appellee to produce, if he can, proof of the affirmative allegations of his answer.