(March 18, 1889.)

## WASHINGTON & IDAHO RAILROAD CO. v. OSBORNE.

[21 Pac. 421.]

POSSESSORY CLAIM TO PUBLIC LANDS.—Where a party purchases the right of possession of persons, who had located and settled upon agricultural land belonging to the United States, and thereafter resided constantly upon the same, and was qualified in law to initiate proceedings to obtain title thereto, held, that the party is the owner of the land against all persons except the United States.

RIGHT OF WAY—COMPENSATION.—The plaintiff railroad corporation has no right of way over defendant's land, and cannot enter upon it and take it from the possession of defendant without due compensation.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. W. Woods and W. B. Heyburn, for Appellant.

Occupation and improvement on the public lands, with a view to pre-emption, do not confer a vested right to the land so occupied. (*Frisbie v. Whitney,* 9 Wall. 187; *Aurora Hill Consol. Min. Co. v. Eighty-five Mining Co.,* 34 Fed. 520; *Bouldin v. Phelps,* 30 Fed. 564; *United States v. Taylor,* 35 Fed. 486; *Union Pac. Ry. Co. v. Douglass Co.,* 31 Fed. 540.)

Albert Allen, for Respondent.

If possessory claims exist at the time a railroad company complies with the act of March 3, 1875, by filing its articles of incorporation and proofs of organization, then a right of way must be purchased pursuant to section 2288 of the Revised Statutes, or condemned in pursuance to section 3 of said act of March 3, 1875. (*Railroad Co. v. Sture,* 32 Minn. 95, 20 N. W. 229; *Railroad Co. v. Johnson,* 38 Kan. 142, 16 Pac. 125.)

WEIR, C. J.—This is an action brought by the plaintiff, in which it appears that the plaintiff, as a duly organized corporation, has duly filed its certificate of incorporation and due proofs of its organization, under the act of March 3, 1875, and is entitled to a right of way for the purpose of constructing its railroad over the public lands of the United States; that the defendant claims that he is the owner of a part of said public land, and that he is entitled to the possession of the same as against the plaintiff; that thereupon, on the twenty-eighth day of July, 1888, plaintiff commenced proceedings in condemnation against said defendant to condemn the right of way for its road over and through the land so claimed by the defendant; that upon such proceedings the district court on the thirteenth day of August, 1888, appointed commissioners to appraise and assess the damages which the said Osborne would suffer by reason of the said condemnation for plaintiff's right of way; that the commissioners took testimony, and reported, after viewing the premises and hearing the testimony, that the total damage sustained by the defendant by reason of the taking of the premises by the plaintiff were $6,670. The plaintiff declines to make tender of that sum, or any sum, to the defendant, upon the ground that the defendant is not entitled to the possession of the premises as against the plaintiff. Plaintiff offers to pay the money into court, and abide the determination of the question, and thereupon proceeds to ask judgment that it may be decreed to be the owner and entitled to the possession of the land, and also be entitled to enter upon the same for the purpose of constructing its railroad without the payment or tender of the damages so found by the commission; and asks for an injunction restraining and enjoining the defendant from interfering with it in the construction and operation of its road. The defendant, answering, alleged that he was in all respects qualified in law to initiate proceedings to obtain title to one hundred and sixty acres of agricultural land belonging to the United States; that the land upon which defendant was in possession was located and settled upon in the year 1885 by one Seth Mc-Farren and Samuel Norman, who in that year built a house and other buildings thereon, marked off the corners of the same, and partly fenced the same on its exterior boundary as

defined by their corner stakes; that said McFarren and Norman resided constantly upon the said property, living in the dwelling-house aforesaid, and constantly engaged in inclosing and improving the same during the year 1885 and down to March, 1886, at which date the defendant duly purchased the same from them, paying therefor the sum of $2,000; whereupon the defendant went into possession of the entire tract of land comprising one hundred and sixty acres, with the intent in good faith to initiate and perfect the title thereto under the homestead or pre-emption laws of the United States; and that since that time the defendant has resided upon the ranch continuously, constantly improving the same, and completed the inclosure thereof; and that altogether he has expended the sum of $8,000; exclusive of the sum of $2,000 heretofore paid therefor, as aforesaid. The defendant further alleged that the proposed right of way of plaintiff goes through the center of defendant's garden, which defendant has thoroughly reduced to cultivation and set out in orchard; and conceded that the land is unsurveyed public land of the United States.

The appeal in this action is from the judgment and decree only. It does not appear that any motion for a new trial has been made, or any statement been filed in pursuance of section 4443 of the Revised Statutes of Idaho. We can, therefore, in disposing of this case, consider only the judgment-roll. If that appear to be correct, the judgment must be affirmed. (*Gamble v. Dunwell,* 1 Idaho, 268; *People v. O'Conner,* 1 Idaho, 759; *Purdy v. Steel,* 1 Idaho, 216; *Caney v. Silverthorne,* 9 Cal. 67.) The findings of the court in this case are conclusive of the facts, and the only question that remains is whether the conclusions of law are supported by the findings of fact. The court found as a matter of fact that on the fifth day of July, 1886, the plaintiff became a duly organized corporation under the laws of Washington territory, for the purpose of constructing and operating a railroad through a certain part of Shoshone county, and on the eighth day of November, 1886, filed amended articles of incorporation extending the line which the plaintiff proposed to construct. The property in question is covered by the extension. The court further finds that the defendant is a native-born citizen of the United States, has never had the

benefit of the pre-emption or homestead laws, and is in all re-
spects qualified in law to initiate proceedings to obtain title
to one hundred and sixty acres of the agricultural land belong-
ing to the United States; that the lands in question are part
of the unsurveyed public land of the United States, and agri-
cultural in character; that the premises in question were settled
upon in the year 1885 by Seth McFarren and Samuel Norman,
who proceeded to erect buildings thereon, and located the same,
as required by law; that, on the eighteenth day of March, 1886,
in consideration of $2,000, these parties sold and conveyed to
the defendant all the improvements upon the said premises,
and the right of possession which the said parties then had;
whereupon said Osborne entered into possession, and continued
in possession up to the time of the commencement of this ac-
tion, and has duly located the said section, as required by law,
and filed in the office of the county recorder of Shoshone county,
Idaho, his declaration to hold said premises under the pre-emp-
tion law under the possessory land act of the territory; that
during all the time since the eighteenth day of March, 1886,
defendant has resided upon the premises. making the same his
home, and has made large and valuable improvements thereon;
and that he intends to obtain title to said premises under the
pre-emption laws of the United States, as soon as the same shall
be surveyed by the government. As conclusion of law from
these facts the court found that the defendant is now, and at all
times since the eighteenth day of March, 1886, has been, the
owner of, as against all persons except the United States, and
in possession of, the land and premises described in the answer;
that the title and right of possession of defendant in and to
said premises are prior to and paramount to the right of way
of the plaintiff over the said premises; and that the plaintiff
has no estate or interest in or to the right of way over and across
said premises, or any part thereof, as against the defendant;
that defendant is entitled to a judgment and decree of this
court, and that he have judgment for the costs.

The only question presented in this case is whether the de-
fendant's possessory claim can be taken by the plaintiff without
compensation. It appears that the defendant's right was acquired
before the organization of the plaintiff, and that the plaintiff had

no right whatever.  The act of March 3, 1875, provides that the legislature of the proper territory may provide for the manner in which private lands and possessory claims on the public lands of the United States may be condemned.  (Section 3 of said act.)  It is under this act that the plaintiff claims its right. The legislature of Idaho has provided a law for the condemnation by railroad companies of the right of way over possessory claims.  (Rev. Stats., tit. 7.)  Congress itself by the act seemed to provide for condemnation of possessory claims, and undoubtedly the defendant's claim was a possessory one, and this plaintiff could not enter upon it and take it from the possession of the defendant, unless it had a prior right, without due compensation.  The question of a rule of damages in a case of this kind, where the property itself is property of the United States, is another question, but is not presented for our consideration in this case.  It appears from an examination of the judgment-roll that it is in all respects regular, and that the conclusions of law are sustained by the findings of fact.  The judgment is therefore affirmed, with costs.