CARL H. DOUGLAS *vs.* NATHANIEL G. LEIGHTON *et al.*

Submitted on briefs April 13, 1894. Reversed April 20, 1894.

No. 8722.

**Writing to refresh recollection of witness.**

It does not seem necessary that a writing used by a witness to refresh his memory should have been made by the witness himself, nor that it should be an original writing, provided, after inspecting it, the witness can speak of the facts of his own recollection; but a witness can no more be permitted to give evidence of his inference from what a third person has written than from what a third person has said.

Appeal by defendants, Nathaniel G. Leighton and others, partners, from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made January 6, 1894, denying their motion for a new trial.

Action to recover of Nathaniel G. Leighton and others, partners, a balance of $1,531.57 for saw-logs sold and delivered. On February 19, 1886, plaintiff contracted with defendants to cut and bank about 2,000,000 feet of white pine saw-logs during that winter on the Little Prairie River in Carlton County. They were to be there scaled by the Surveyor General of that lumber district. This scaling was to be taken and accepted by the parties as the true and final measurement of the logs. Plaintiff was then to float or "drive" the logs down the stream in the spring freshets, and deliver them in the boom at Minneapolis, and was to be paid therefor $7 per thousand feet. The logs were so piled on the banks and in the stream that it was impracticable for the Surveyor to inspect and measure some of them, and those he estimated or averaged. Defendants knowing this, accepted and sawed

the logs, sold the lumber, and paid plaintiff on account $11,145.85.

The controversy was as to the quantity of logs delivered: The issues were first tried October 31, 1892. By direction of the Judge defendants had a verdict. On appeal a new trial was granted. 53 Minn. 176. A second trial was had October 24, 1893. It was shown in evidence that one of plaintiff's men stationed at the bank of the stream kept an account on a tally-board of the number of logs delivered there each day and that plaintiff's foreman copied the number each night into his book. Plaintiff afterwards on May 8, 1886, copied from this book into his cash book the number of logs delivered each day. The tally boards were not preserved. The foreman's book was accidentally destroyed by fire in 1890. At the second trial plaintiff was a witness and was handed his cash book and testified that the account of logs therein was a correct transcript from the foreman's book and was then permitted to state that the burned book showed that 9,128 logs had been unloaded on the bank. The defendants objected to this evidence as incompetent but it was received and they excepted. Plaintiff had a verdict for $693.57. Defendants moved for a new trial for errors in law occurring at the trial and excepted to by them. Being refused they appeal.

*Rea, Hubachek & Healy,* for appellants, cited *Paine* v. *Sherwood,* 21 Minn. 225; *Creswell* v. *Slack,* 68 Ia. 110.

*Chas. P. Barker,* for respondent.

In the case at bar the cash book was not received in evidence but was offered to the witness to refresh his recollection. The witness testified from recollection. The book of original entry was shown to have been burned. Such an offer is addressed to the discretion of the trial court and this court will not interfere unless it clearly appears to have been prejudicial. *Madigan* v. *De Graff,* 17 Minn. 52; *Chute* v. *State,* 19 Minn. 271; *Johnson* v. *Coles,* 21 Minn. 108; *Groff* v. *Ramsey,* 19 Minn. 44; *Estees* v. *Farnham,* 11 Minn. 423; *Thayer* v. *Barney,* 12 Minn. 502; *Phœnix Ins. Co.* v. *Taylor,* 5 Minn. 492.

COLLINS, J. The nature of this controversy will be seen upon an examination of the opinion rendered on a former appeal. 53

Minn. 176, (54 N. W. 1053.) At the second trial it was shown by one of plaintiff's witnesses (his foreman) that, as the logs were unloaded at the bank or landing, one of the men kept an account of the number on a tally board, and that, after each day's hauling was completed, the foreman copied the number appearing on the board into a book. These numbers were footed up so that each month's work appeared by itself, and at the close of the season, about April 1, 1886, the book was delivered by the foreman to the plaintiff. The latter soon after copied these footings (and nothing else, as we understand it, although the testimony is not very clear) onto a page in his cashbook. In 1890 the original book used by the foreman when he transcribed from the tally board was destroyed by fire. This being shown upon the trial, the plaintiff, who did not claim to have any personal knowledge of the number of logs as counted and kept on the tally board, or of the number actually unloaded at the bank, was allowed to use the page from his cashbook, before mentioned, to refresh his memory, and then to state 'what the footings were in the original book, and also the number of logs which had been delivered.

Briefly stated, the plaintiff was allowed to refresh his memory for the purpose of testifying by the examination of figures which he had transcribed from a book into which his foreman, who had no personal knowledge of the matter, had copied what appeared upon a tally board kept by still another of plaintiff's employés. We quite agree with counsel for respondent that much discretion must rest with the trial judge when permitting a memorandum to be used for the purpose of refreshing the memory of a witness, but the ruling of the trial court now before us cannot be sustained on that ground.

The rules under which a witness may be permitted to refresh his memory by the use of writings are fully stated in 1 Greenl. Ev. §§ 436, 437. According to the authorities, it does not seem to be necessary that the writing used should have been made by the witness himself, nor that it should be an original writing, provided, after inspecting it, he can speak of the facts from his own recollection. Here the witness had no knowledge, and consequently no recollection, of the number of logs unloaded at the landing, except as he had been told or informed by his foreman,

who also was unable to speak of his own knowledge or recollec-
tion.    The testimony of the witness, so far as it was founded
upon the copy made by him, or so far as it would have had a
foundation if he had used the book kept by his foreman, was but
hearsay, and a witness can no more be permitted to give evidence
of his inference from what a third person has written than from
what a third person has said.    See *Eder* v. *Reilly,* 48 Minn. 437, (51
N. W. 226.)

We think the admission of this testimony was prejudicial to the
defendant, and that a new trial must be had.

Order reversed.

BUCK and CANTY, JJ., took no part.

(Opinion published 58 N. W. 827.)