THOMAS B. McMAHAN *vs.* JOHN P. LUNDIN.

Argued April 11, 1894.   Affirmed April 20, 1894.

No. 8630.

**Priority of lien for seed over mortgage on the crop.**

A lien arising upon a crop by virtue of a seed-grain note, executed and filed in accordance with the terms of 1878 G. S. ch. 39, §§ 21, 22, has priority over a lien upon the same crop acquired by means of a previously executed and filed chattel mortgage.

Appeal by defendant, John P. Landin, from a judgment of the District Court of Marshall County, *Frank Ives*, J., entered August 24, 1893, against him for $198.43.

On January 16, 1892, Engebregt N. Egeland was indebted to defendant in the sum of $208.70. To secure its payment he on that day gave defendant a mortgage upon sixty-five acres of spring wheat which he intended to sow on his farm the next spring. This mortgage was filed February 4, 1892, in the town clerk's office. On March 22, 1892, Charles Johnson sold and delivered to Egeland one hundred and forty five bushels of spring wheat at seventy five cents

per bushel and took his note therefor with ten per cent interest due November 15, 1892. The note contained a statement that it was given for the price of 145 bushels of seed wheat to be sown on his farm. This note was next day filed in the town clerk's office. The wheat was sown and a crop raised, harvested and threshed. It exceeded 800 bushels but Egeland disposed of most of it and left the state. On October 20, 1892, defendant took 346 bushels of the crop under his mortgage and sold it and applied the proceeds. Johnson sold and assigned his note and lien to the plaintiff, Thomas B. McMahan, who made demand of defendant for the wheat he took, and being refused brought this action March 8, 1893, for the conversion and claimed as damages the amount due on the seed-grain note. Defendant answered claiming title under his mortgage and contending it to be the paramount lien on the crop.

A jury was waived and the cause tried August 2, 1893. Findings were made and judgment ordered for plaintiff for the amount due on the seed-grain note with costs. Judgment was so entered and defendant appeals.

*Horace W. Brown* and *Brown & Bayrell,* for appellant.

The law creating a seed-grain lien so far as it attempts to give preference over prior incumbrances is unconstitutional and void. *Meyer* v. *Berlandi,* 39 Minn. 438; *Yeatman* v. *Foster County,* 2 N. Dak. 421. A valid mortgage can be obtained upon a growing crop prior to its being sown.

*Brown & Carr,* for respondent.

Plaintiff's lien under his seed-grain note is superior to the lien of defendant under his mortgage. 1878 G. S. ch. 39, § 22, is not a law impairing the obligation of contracts. A mortgage in advance on a crop to be sown and raised on the land of the mortgagor is an executory agreement to mortgage and will only take effect when the crop is sown. *Ludlum* v. *Rothschild,* 41 Minn. 218; *Walter A. Wood M. & R. M. Co.* v. *Minneapolis & N. E. Co.,* 48 Minn. 404; *Joslyn* v. *Smith,* 2 N. Dak. 53.

Defendant having taken his mortgage while the seed-grain lien statute was in force will be presumed to have acted with reference to it. In legal contemplation he consented that the mortgagor in-

cumber the crop with a lien for seed grain furnished in good faith by a third party. This seed was necessary to raise such crop and the law implies consent on the part of the mortgagee to have the crop incumbered with a prior lien for seed.

COLLINS, J. By 1878 G. S. ch. 39, § 22, it is enacted that from the time of filing in the proper office of a seed grain note, executed in accordance with section 21 of the same chapter, the party furnishing the seed grain for which the note is given, or his assigns, shall have a valid first lien or claim upon the crop grown from such seed. The statute is clear and plain, and its policy is wise and just. It must be construed exactly as it reads. He who in good faith sells and furnishes seed from which a crop may be raised, and properly files a note taken for the same, should be and is entitled to priority of lien over all other persons.

We see nothing in the suggestion that the obligation of a contract is impaired if it be declared that a lien arising by virtue of a seed-grain note has priority over a lien upon the same property acquired by means of the provisions of a previously executed chattel mortgage. The power of the legislature to provide for first liens of this character ought not to be doubted.

Again, a mortgage upon a crop not yet planted or sown attaches only to such interest as the mortgagor has in the crop when it comes into being. *Simmons* v. *Anderson,* 44 Minn. 487, (47 N. W. 52.)

Judgment affirmed.

BUCK, J., absent, sick, did not sit.

(Opinion published 58 N. W. 827.)