[No. 2082. Decided June 3, 1896.]

A. SITTON, *Respondent* v. C. C. DUBOIS *et ux.*, *Defendants*, E. R. LILIENTHAL, *Appellant.*

LABORER'S LIEN ON CROP — PRIORITY OVER CHATTEL MORTGAGE — IMPAIRING OBLIGATION OF CONTRACTS.

The lien given by Gen. Stat., § 1695, to laborers for work in growing farm crops is superior to all other liens thereon, including that of a prior chattel mortgage.

An act giving farm laborers priority over all other liens upon crops which they have assisted in raising is not unconstitutional as impairing the obligation of contracts, although the crop had been mortgaged in advance of the labor thereon, where such act was in force at the time of the execution of the mortgage, and must therefore have entered into and formed a part of the contract.

Appeal from Superior Court, King County — Hon. J. W. LANGLEY, Judge. Affirmed.

*Stratton, Lewis & Gilman,* for appellant.

*W. W. Wilshire,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—The plaintiff brought this action to foreclose a laborer's lien, under § 1695, Gen. Stat., on certain crops grown upon land owned by the defendants Dubois in the year 1894. Said defendants had exe-

cuted to appellant in November, 1893, a chattel mortgage to cover such crop, it not then being in existence. The appellant was made a defendant in said action, and appeared, setting up his mortgage lien, and asked for a foreclosure, which was granted; but the court in foreclosing the lien of the plaintiff found that it was entitled to priority over appellant's mortgage, whereupon this appeal was taken. Said statute contains the following provision:

"And the lien created by the provisions of this section shall be a preferred lien, and shall be prior to all other liens."

Appellant contends that this provision does not include a mortgage incumbrance, especially as several prior statutes upon this subject enacted at various times by the legislature expressly made such liens prior to any other "lien or incumbrance." Sec. 1976, Code 1881.

Appellant contends that the word lien does not generally include an incumbrance by mortgage, and in view of this fact, and of the fact that the legislature dropped the term incumbrance in the statute now in force, it must be presumed that it was not intended to make such lien prior to a mortgage lien or incumbrance. If this was the sole change in the act in question, the contention would be of much greater force, but it appears that the amendment (Laws 1891, p. 144), which is the present statute, was for the purpose of creating a lien in favor of a landlord, and making it of equal rank with that of the farm laborer. Had it been the intention of the legislature to except mortgage liens from the operation of the act, it is probable that it would have done so by express provision, and not merely by dropping the word "incum-

brance" from the section, which very likely was understood and intended as included in the word "liens" previously therein used.

Appellant further contends that unless the act can be construed to except mortgage liens it is unconstitutional on the ground that it would impair the obligation of contracts, as it would be possible after a mortgagee, in consequence of the security afforded by a mortgage, had advanced money to the mortgagor, for such mortgagor to wholly divest him of all benefit of the security by contracting for labor without his consent or knowledge. But this act was in force at the time appellant's mortgage was executed, and therefore in effect entered into and formed a part of it. *Lehigh Water Co. v. Easton*, 121 U. S. 388 (7 Sup. Ct. 916); *Vreeland v. Jersey City*, 37 N. J. Eq. 574. Such acts have been generally sustained elsewhere. *McMahan v. Lundin*, 57 Minn. 84 (58 N. W. 827); *Watson v. Johnson*, 33 Ark. 737; *Wooten v. Hill*, 98 N. C. 48 (3 S. E 846); *Irwin v. Miller*, 72 Miss. 174 (16 South. 678); *Case v. Allen*, 21 Kan. 217 (30 Am. Rep. 425); *Stern v. Simpson*, 62 Ala. 194.

Respondent claims that the court erred in not awarding him an attorney's fee upon the foreclosure of his lien, but as no appeal was taken by him, this question is not before us.

Affirmed.

HOYT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.