(March 4, 1913.)

## E. E. EDWARDS, Respondent, v. PERCY ANDERSON, Appellant.

[130 Pac. 1001.]

EVIDENCE—REVIEW OF ON APPEAL—TRANSCRIPT—STENOGRAPHER'S NOTES —SETTLEMENT OF—MOTION TO DISMISS.

1. Under the provisions of subd. 3 of sec. 4434, Rev. Codes, as amended by laws of 1911, p. 379, the transcript of the evidence certified to by the stenographer must be settled by the trial judge in order to have the same reviewed upon appeal.

2. Where a motion to dismiss an appeal is made on the ground that the stenographer's transcript was not settled as required by the provisions of subd. 3 of sec. 4434, and such motion is made within the time required by Rule 54 of the rules of this court, the motion must be granted and the appeal dismissed.

3. Held, under the record that the judgment of the trial court should be affirmed on the merits.

APPEAL from the District Court of the Sixth Judicial District for Lemhi County. Hon. James M. Stevens, Judge.

Action to recover balance alleged to be due on book account. Judgment for plaintiff. *Affirmed.*

G. W. Padgham and John H. Padgham, for Appellant.

An account is not "mutual" unless the parties have dealt with each other in the same relation and unless items upon different sides of account are capable of being set off against each other. Demands must be "reciprocal"—that is, they must be of such character that each party has immediate right of action against the other. (*Millet v. Bradbury,* 109 Cal. 174, 41 Pac. 865; *Lockwood v. Hansen,* 16 Or. 102, 17 Pac. 575; *Fraylor v. Sonora M. Co.,* 17 Cal. 594; *Flynn v. Seale,* 2 Cal. App. 665, 84 Pac. 263.)

A. C. Cherry, for Respondent.

There was substantial evidence in support of the findings of the court, and particularly of the finding "That said account is a mutual, open and current account, where there have been reciprocal demands between said parties," and under a well-established rule of law and of this court such findings will not be disturbed on appeal. (Sec. 4824, Rev. Codes; *Seawell v. Pacific & I. N. Ry. Co.,* 21 Ida. 277, 121 Pac. 556; *Buster v. Fletcher,* 22 Ida. 172, 125 Pac. 230; *Salisbury v. Spofford,* 22 Ida. 393, 126 Pac. 400.)

SULLIVAN, J.—This action was brought to recover a balance of $308.20 alleged to be due on open book account. The defense was the statute of limitations.

The action was tried to the court without a jury and judgment entered in favor of the plaintiff in the sum of $302.20, with interest thereon, and costs. The appeal is from the judgment.

We are first met by a motion to dismiss the appeal on several grounds, among which is the ground that the reporter's transcript was not settled as required by law. On an examination of the transcript, we find that it was not settled by the judge as required by the provisions of subd. 3 of sec. 4434, as amended by the laws of 1911, p. 379. This court had this question before it in *Grisinger v. Hubbard,* 21 Ida. 469, 122 Pac. 853, and held that under the provisions of said sec. 4434 the party appealing must procure a transcript of the stenographer's notes and have the same settled and allowed by the trial judge in accordance with the provisions of subd. 3 of said section. And in *Furey v. Taylor,* 22 Ida. 605, 127 Pac. 676, this court held that the transcript of the evidence certified to by the stenographer must be settled by the trial judge in order to have the same reviewed upon appeal to this court. Those decisions are decisive of this motion, and the motion must be sustained and the appeal dismissed. Said motion was made within the time prescribed by Rule 54 of the rules of this court.

We have, however, carefully examined the record in the case and find no error in the record that would warrant a reversal of the judgment. The judgment is therefore *affirmed* on its merits, with costs in favor of the respondent.

Ailshie, C. J., and Stewart, J., concur.