(April 19, 1915.)

## W. E. CHAPMAN, Respondent, v. THE A. H. AVERILL MACHINERY CO. et al., Appellants.

[147 Pac. 785.]

MOTION TO DISMISS—STENOGRAPHER'S TRANSCRIPT—SETTLEMENT OF.

    1.  Under the provisions of sec. 4434, Rev. Codes, as amended by chap. 119, Laws 1911, p. 379, in order to review the matter contained in the stenographer's transcript, such transcript must be settled by the judge.

APPEAL from the District Court of the Second Judicial District for Lewis County.   Hon. Edgar C. Steele, Judge.

Motion to dismiss appeal on the ground that the reporter's transcript had not been settled by the judge.   Motion sustained and appeal dismissed.

G. Orr McMinimy, for Appellants, files no brief on point decided.

G. W. Tannahill, for Respondent.

In order to raise any question of error committed by the trial court the transcript of the stenographer's notes should be settled and certified by the trial court.   (*Edwards v. Anderson*, 23 Ida. 508, 130 Pac. 1001; *Strand v. Crooked River M. & M. Co.*, 23 Ida. 577, 131 Pac. 5.)

SULLIVAN, C. J.—This is an appeal from a judgment entered in favor of the plaintiff.   A motion to dismiss the appeal has been made on the ground that the stenographer's notes of the evidence were not prepared, served, settled and certified as required by law, or at all.

On an examination of the transcript, we find that the reporter's notes were not settled by the trial court or judge, and on the authority of *Grisinger v. Hubbard*, 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853; and *Strand v. Crooked*

*River M. & M. Co.,* 23 Ida. 577, 131 Pac. 5, where it was held that in order to review the matter contained in the 'stenographer's transcript such transcript must be settled by the judge, the motion must be sustained and the appeal dismissed. Costs in favor of the respondent.

Budge and Morgan, JJ., concur.

---

(April 19, 1915.)

