(October 25, 1915.)

W. E. CHAPMAN, Respondent, v. THE A. H. AVERILL MACHINERY COMPANY, a Corporation, et al., Appellants.

[152 Pac. 593.]

APPEAL AND ERROR—BILL OF EXCEPTIONS—STENOGRAPHER'S TRANSCRIPT —APPEAL FROM JUDGMENT UPON JUDGMENT-ROLL—FARM LABORER'S LIEN—PLEADING—SUFFICIENCY OF COMPLAINT—PRIORITY OF—COMPENSATION FOR USE OF TEAMS AND MACHINERY.

1. Under the provisions of chap. 119, Sess. Laws 1911, p. 379, in order to review the matter contained in the stenographer's transcript, such transcript must be settled by the judge, and, in the absence of a bill of exceptions or stenographer's transcript settled

As to who is a farm laborer within a statute giving lien, see note in 19 L. R. A., N. S., 1039.

so as to entitle it to be used in lieu thereof, the case will be considered as an appeal from the judgment upon the judgment-roll alone.

2. The complaint in this case held to state a cause of action and that a general demurrer thereto was properly overruled.

3. The owner of teams and machinery who employs them in addition to his own labor, at the instance and request of another, in tilling and cultivating farm lands or in harvesting, threshing or housing a crop raised thereon, may avail himself of the provisions of the law of Idaho providing for farm laborers' liens for the reasonable value of the use of his teams and machinery, in addition to reasonable compensation for his own labor, and the lien so claimed is prior and superior to a mortgage placed upon the crop, and it can make no difference whether the labor is performed under an agreement that the compensation therefor is to be fixed by the day, by the ton, by the acre, or is to be measured by any other standard.

[As to who is a laborer under statute giving a lien to laborers, see note in **Ann. Cas. 1913B, 138.**]

4. What is a reasonable compensation for services rendered is dependent upon the facts and circumstances arising in each case. The term "reasonable compensation" as used in sec. 5141, Rev. Codes, means: That which will fairly compensate the laborer when the character of the work and the effectiveness and ability entering into the service are considered.

APPEAL from the District Court of the Second Judicial District for Lewis County. Hon. Edgar C. Steele, Judge.

Suit to foreclose farm laborer's lien. Judgment for plaintiff. *Affirmed.*

G. Orr. McMinimy, for Appellants.

The proceedings are controlled by sec. 5141, Rev. Codes. This statute was construed by the Washington court, in a case on all-fours with the case at bar, in *Mohr v. Clark,* 3 Wash. Ter. 440, 19 Pac. 28. This case was heard and decided before the statute in Idaho had been passed, and there is no doubt but what our legislature adopted this construction with the statute. (*Essency v. Essency,* 10 Wash. 375, 38 Pac. 1130.)

This construction was adopted by the Idaho court in the case of *Tuckey v. Lovell,* 8 Ida. 731, 71 Pac. 122.

Geo. W. Tannahill, for Respondent.

In order to raise any question of error committed by the trial court, the transcript of the stenographer's notes should be settled and certified by the trial court. (*Edwards v. Anderson,* 23 Ida. 508, 130 Pac. 1001; *Strand v. Crooked River Min. & Mill. Co.,* 23 Ida. 577, 131 Pac. 5.)

The appellants' mortgage should not be held to be a prior lien to the claim of the respondent for labor performed in harvesting, threshing and caring for the crop. (Sec. 5141, Rev. Codes; *Beckstead v. Griffith,* 11 Ida. 738, 745, 83 Pac. 764.)

Washington has a statute very similar to the Idaho statute on this subject, viz., sec. 5957, Bal. Ann. Code. (*Sitton v. DuBois,* 14 Wash. 624, 45 Pac. 303. See, also, *Bell v. Hiner,* 16 Ind. App. 184, 44 N. E. 576; *Goodenow v. Foster,* 108 Iowa, 508, 79 N. W. 288; *Heckman v. Tammen,* 184 Ill. 144, 56 N. E. 361.)

The latest expression of the supreme court of this state, and the most liberal of all in its construction of our lien laws, is found in *Anderson v. Great Northern R. Co.,* 25 Ida. 433, 138 Pac. 127. See, also, *Chamberlain v. City of Lewiston,* 23 Ida. 154, 164, 129 Pac. 1069; *Hill v. Twin Falls Salmon River Land & Water Co.,* 22 Ida. 274, 125 Pac. 204.

MORGAN, J.—This action was commenced by respondent to foreclose a farm laborer's lien which was filed in order to secure compensation for labor performed upon and assistance rendered in harvesting a certain crop of grain in Lewis county. The appellants were made parties defendant to the suit and it was alleged in the complaint that they have, or claim to have, some interest in and to the grain covered by the lien, as mortgagees or otherwise, but that their claims, or interests, are subject, inferior and subordinate to respondent's claim of lien.

Appellants filed a general demurrer to the complaint, which was overruled, and they thereafter answered and filed a cross-complaint asking for the foreclosure of certain mort-

gages upon the grain mentioned and described in respondent's lien, given to secure the payment of money due to them, and alleged that if respondent had a lien, it was subsequent, inferior and subordinate to their mortgages.

A trial was had upon the issues framed by the complaint and answer (the case presented by the cross-complaint having been continued for the term), and resulted in a judgment for respondent, from which this appeal was taken.

The appeal was attempted to be perfected pursuant to the provisions of chap. 119, Sess. Laws 1911, p. 379, authorizing the use of the reporter's transcript of the proceedings at the trial in lieu of a bill of exceptions. Respondent moved to strike the transcript from the files and to dismiss the appeal upon the ground, among others, that the stenographer's transcript was never served, settled and certified by the trial judge so as to give it the force and effect of a bill of exceptions as provided by law.

This court heretofore sustained the motion to dismiss the appeal (*Chapman v. A. H. Averill Machinery Co.*, 27 Ida. 213, 147 Pac. 785), and upon petition of appellant granted a rehearing, and the case has been argued and resubmitted upon the motions to strike the transcript and to dismiss the appeal, and also upon the merits.

Paragraph 3 of said chap. 119 is as follows:

"At the expiration of the time limited for designating errors, the transcript, with any notice designating errors shall be transmitted to the judge who tried the cause, by the clerk, on application of either party, and such judge shall forthwith settle the same, notifying the parties by such notice as he deems adequate of the time and place of settlement in the event of any error designated by notice and not agreed to, and when so settled, said transcript shall have the force and effect of a bill of exceptions duly settled and allowed, and shall be deemed adequate to present for review any ruling appearing therein to have been excepted to, or by statute deemed excepted to, or any question of insufficiency of evidence which may afterward be properly presented by specification of insufficiency in the brief on appeal, and the original

transcript and copies thereof lodged with the clerk shall be by him marked filed and retained by him for transmission to the clerk of the supreme court in the event an appeal is afterwards perfected.''

An examination of the record discloses that the stenographer's transcript of the proceedings at the trial in this case was not settled as provided by law so as to entitle it to be used in lieu of a bill of exceptions, and the motion to strike said transcript from the files must be granted. (*Edwards v. Anderson,* 23 Ida. 508, 130 Pac. 1001; *Strand v. Crooked River Min. & Mill. Co.,* 23 Ida. 577, 131 Pac. 5, and cases there cited.)

The motion to dismiss the appeal will be denied and, in the absence of a bill of exceptions or stenographer's transcript settled so as to entitle it to be used in lieu thereof, the case will be considered as an appeal from the judgment upon the judgment-roll alone. (*Washington & Idaho R. R. Co. v. Osborne,* 2 Ida. 557 (527), 21 Pac. 421; *Swartz v. Davis,* 9 Ida. 238, 74 Pac. 800.)

Appellants assign as error the action of the court in overruling the demurrer to the complaint, and contend the claim of lien attached to and made a part of the complaint discloses that the claimant was a contractor, and was not entitled to a lien under the provisions of sec. 5141, Rev. Codes, which is as follows:

''Any person who does any labor on a farm or land in tilling the same, or in cultivating, harvesting, threshing, or housing any crop or crops raised thereon, has a lien on such crop or crops for such labor. Such lien shall be a preferred and prior lien thereon to any crop or chattel mortgage placed thereon, and any mortgagee taking a chattel or crop mortgage on any crop or crops, upon which any person shall perform labor in cultivating, harvesting, threshing, or housing said crop, shall take such mortgage subject to, and such mortgage shall be a subsequent lien to, the lien of the person or persons performing such labor as to a reasonable compensation for such labor; provided, that the interest in any crop of any lessor or lessors of land where the premises are leased

in consideration of a share in the crop raised thereon is not subject to such lien.''

The claim of lien is in the usual form, and recites among other matters of fact, that one C. W. Rounds, who was the owner, or reputed owner, of the crop, employed respondent to perform labor and render assistance in harvesting and threshing the grain in question and agreed to pay him the sum of $600 therefor; that he, the respondent, labored four days in the performance of the work; that the labor and assistance have been fully performed and rendered and that no part of the $600 has been paid.

The complaint further discloses that the grain was harvested from 150 acres of land and that the compensation agreed upon for harvesting and threshing it was $4 an acre; also that this sum is the usual, reasonable and current price for the performance of the work.

The complaint does not disclose anything from which it may be inferred that respondent was a contractor, unless such conclusion is to be drawn from the fact that $600 is an unusual amount to be paid for four days' labor on a farm. While such a sum of money may, in the absence of explanation, appear to be rather exorbitant, it does not follow that the man who claims it was a contractor, nor does it render the complaint subject to demurrer upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was properly overruled.

It is urged by appellant that since the labor was not performed by respondent alone, but with the help of his employees and by means of his teams and machine, the lien cannot be maintained; that even though he might have had a lien for his labor and for that of his teams and for the use of his machine, he has not claimed such a lien, but has relied upon his right to claim compensation for his employees and for the work of hired teams; also that sec. 5141, *supra*, provides only that a claim of lien for reasonable compensation for labor performed, and not for the profits of an employer, shall be prior to the lien of a mortgage.

As heretofore indicated, this case can be considered only as an appeal from the judgment upon the judgment-roll, so that the facts disclosed at the trial are not available to explain the amount claimed to be due to the respondent. However, the briefs disclose that the work was done by the lien claimant with a combined harvester and thresher, of which he was the owner, and that he used therewith a large number of his horses, together with some teams which he had hired during a performance of a portion of the work, and that he also hired some men to assist him. It appears that the trial judge deducted from the amount secured by the claim of lien the wages of the hired men and the value of the work of the hired teams. The seventh finding of fact is as follows:

"The court finds that of the said sum of $600 due to the plaintiff from said defendant, the plaintiff is not entitled to a lien for labor in the sum of $64 of said amount, to wit, for two men at $4 per day for four days, aggregating $32, for two men at $3 per day for four days, aggregating $24, and for six horses at seventy-five cents, each per day, for two days, aggregating $8, said items which the court finds to be nonlienable aggregating the said sum of $64, but that the plaintiff is entitled to a lien on said grain for the balance of said sum of $600, to wit, for the sum of $536."

The principal question presented in this case is: May the owner of teams and machinery who employs them, in addition to his own labor, at the instance and request of another, in tilling and cultivating farm lands or in harvesting, threshing or housing a crop raised thereon, avail himself of the provisions of the law of Idaho providing for farm laborers' liens, for the reasonable value of the use of his teams and machinery in addition to reasonable compensation for his own labor? We have reached the conclusion that he may do so, and that a lien so claimed is prior and superior to a mortgage placed upon the crop. (*Beckstead v. Griffith,* 11 Ida. 738, 83 Pac. 764; *Sitton v. DuBois,* 14 Wash. 624, 45 Pac. 303.)

It will be observed that sec. 5141 of our Rev. Codes provides that those taking mortgages upon crops shall take them

subject to, and that the mortgages shall be subsequent to liens for the reasonable compensation of persons performing labor in cultivating, harvesting, threshing or housing such crops.   It can make no difference whether the labor is performed under an agreement that the compensation therefor is to be fixed by the day, by the ton, by the acre, or is to be measured by any other standard.   (*Seiders' Appeal,* 46 Pa. 57.)

What is reasonable compensation for services rendered is, of course, dependent upon the facts and circumstances arising in each case.   The term "reasonable compensation" as used in this section of the code means: That which will fairly compensate the laborer when the character of the work and the effectiveness and ability entering into the service are considered.   (7 Words & Phrases Judicially Defined, p. 5957.)

A few dollars may adequately reward a farm laborer for a day's work, while if the same man, in order to perform the services required of him, must, as in this case, equip himself with teams and machinery worth thousands of dollars, the value of the equipment should be taken into consideration in reaching a conclusion as to the reasonableness of his claim for compensation for the service he has performed.

In this case the trial court eliminated from the claim of lien the wages of the claimant's employees and allowed foreclosure only for the amount due for his own labor and for the use of his property employed in performing the service. This amount the court found to be reasonable and we find no error in the record.   The judgment is affirmed.   Costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur.