[No. 16716. Department One. January 19, 1922.]

## R. MUSGRAVE et al., Respondents, v. JAMES R. ATKINSON et al., Appellants.[1]

AGRICULTURE (8) — LABOR LIENS — PRIORITIES — STATUTES — CONSTRUCTION. A farm laborer's lien on crops, as provided by Rem. Code, §§ 1188, 1189, is superior to a prior chattel mortgage on the same crops, where both claims have been filed in compliance with the statutes governing them; Id., § 3660, giving priority to a duly executed and recorded chattel mortgage over subsequent incumbrances not applying in case of statutory liens.

Appeal from a judgment of the superior court for Yakima county, Webster, J., entered July 6, 1921, in favor of the plaintiffs, in an action to determine the prior rights of lien claimants, tried to the court. Affirmed.

*Grady, Shumate & Velikanje,* for appellants.

*Heman D. Hunt,* for respondents.

BRIDGES, J.—Is a farm laborer's lien superior to the lien of a chattel mortgage, when both comply with statutes governing them and cover the same crop, and the mortgage is prior to the lien in point of time of execution and filing?

This is the only question involved here. The trial court answered in the affirmative, and this appeal results.

[1] Reported in 203 Pac. 973.

Sections 1188 and 1189, Rem. Code (P. C. §§ 9666, 9667), provide for a farm laborer's lien on crops, and make it a "preferred lien" and "prior to all other liens and incumbrances." Prior to 1915, the statute with reference to chattel mortgages read as follows:

"A mortgage of personal property is void as against creditors of the mortgagor or subsequent purchaser, and encumbrancers of the property for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and it is acknowledged and recorded in the same manner as is required by law in conveyance of real property." (Sec. 3660, Rem. & Bal. Code.)

In 1915, the legislature amended this section to read as follows:

"A mortgage of personal property is void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and encumbrancers for value in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged and filed within 10 days from the time of the execution thereof in the office of the county auditor of the county in which the mortgaged property is situated as provided by law." (Rem. Code, § 3660; P. C. § 9747.)

Appellants assert that the act, as amended, has the effect of making a chattel mortgage, when executed and filed as provided by the statute, superior to any laborer's liens which may thereafter be filed against the property covered by the mortgage.

The case of *Sitton v. Dubois*, 14 Wash. 624, 45 Pac. 303, involved the identical facts we have here, but was decided under the chattel mortgage statute as it existed prior to the 1915 amendment. In that case there

was a duly executed and filed chattel mortgage, which was prior in point of time to a farm laborer's lien on the crops covered by the mortgage. We held that the lien of the laborer was prior and senior to the mortgage. What words, then, are there in the statute, as amended, which can have the effect contended for by the appellants and make the *Dubois* case no longer the law of this state? The old statute made the mortgage void as against "creditors of the mortgagor or subsequent purchasers and encumbrancers", unless certain designated things be done. The act, as amended, provides that a mortgage is void, as against creditors of the mortgagor, *"both existing or subsequent, whether or not they have or claim a lien upon such property,"* and against "all subsequent purchasers, *pledgees, mortgagees* and encumbrancers", unless the statute with reference to filing, etc., be complied with. The material changes made by the amendment, so far as concerns this case, are indicated by the words quoted and put in italics.

Let us first consider that portion of the statute, as amended, which speaks of creditors having subsequent liens. We are confident that the kind of lien intended by the legislature was one by judgment, garnishment, attachment and the like, and not a statutory lien such as is involved here. In construing statutes we must always look to the purpose and intent of the legislature. We do not have to go far to see why the legislature inserted in the act which it was amending the provision with reference to all creditors, existing and subsequent, whether they have liens or not. In the case of *Pacific Coast Biscuit Co. v. Perry,* 77 Wash. 352, 137 Pac. 483, we held that, under the old statute, a mortgage was good as against all creditors who did not have liens, even though it was not executed and

filed as provided by the statute. This case was decided shortly before the meeting of the 1915 legislature. See, also, the case of *Heal v. Evans Creek Coal etc. Co.*, 71 Wash. 225, 128 Pac. 211. It is plain that the legislature was not satisfied with the result which would flow from the decisions of this court on that question, and that the chief purpose of amendment of the old chattel mortgage statute was to avoid such consequences.

Let us now consider that portion of the statute, as amended, which has reference to subsequent "pledgees, and mortgagees and encumbrancers . . .". The appellants argue that, in any event, the respondents' lien is a subsequent incumbrance, consequently, is expressly within the statute. The old statute spoke only of "encumbrancers", and the amendment added "pledgees and mortgagees", but the adding of these words could not have the effect contemplated by appellants. The word "encumbrancers" includes the other words, and therefore, in this regard, the amended act is not broader than the old act, and it was under the old act, in the *Dubois* case, *supra*, we held the laborer's lien superior to a chattel mortgage prior in point of time.

When the legislature was considering and passing this amendment it knew that the farm laborer's lien statute expressly provided that such liens should be preferred and prior to everything, and it must also have known that this court, long before this amendment, had expressly held that, under the statute which was being amended, the laborer's lien was superior to a prior chattel mortgage. If, therefore, the legislature, when making the amendment, intended to make such radical changes in the law of the state as to make a laborer's lien junior to a prior mortgage, it would seem that it would have expressly said so, and would

not have left the matter in such uncertain language as is found in the statute.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.