Calhoun v. Adams.

---

## CALHOUN v. ADAMS

1.  REVIVOR OF JUDGMENT : *Defense to.*
    Errors or irregularities in obtaining a judgment can not be set up by demurrer or plea to a *scire facias* to revive it.

2.  SAME: *Petition to revive*
    A petition to revive a judgment is unnecessary: The *scire facias* is both a declaration and a summons, and may be issued for the assignee of the judgment, but it must run in the names of all the plaintiffs in the judgment against all the defendants, when all are living; and if it does not, yet if it is so certain in description that the defendant must know what judgment was intended, and the revivor is in fact made in the names of the parties in the judgment, this court will, on appeal, consider that the writ was properly amended below.

Calhoun v. Adams.

APPEAL from *Chicot* Circuit Court.
Hon. J. M. BRADLEY Circuit Judge.

*D. H. Reynolds* for appellant

The assignment of the judgment did not confer upon Adams the right to sue in his own name. Judgments are not included in our statute of assignments, and in regard to their assignable qualities they are mere choses in action. 11 *Ark.,* 744, 748; 23 *Ark.,* 171.

While Adams had an equitable interest or claim to the judgment and the right to use the names of the firm, or possibly to sue in equity in his own name, still, when he seeks a remedy he must conform to the practice, whether it be by suit at law or in equity. 35 *Ark.,* 583; 37 *Ark.,* 185-7. The suit should have been in the name of the original plaintiffs.

*B. C. Brown* for appellee.

The second ground of demurrer needs no notice. The matter stated could not be raised by demurrer and would have been bad if pleaded. 9 *Ark.,* 176.

It is argued here that there were not sufficient parties. Even if this contention is right the objection was waived. This was made by the Code a *specific* ground of demurrer. *Gantt's Dig. Sec's.* 4564, 4567.

If the demurrer had been sustained the only effect would have been to require an amendment. This being the law, it was the duty of the court "in furtherance of justice" to amend the pleadings in this formal matter. This court may well conform the pleadings to the facts admitted by the demurrer *Gantt's Dig. Sec.* 4616, and treat them as so amended.

The judgment was revived in the name of the original plaintiffs. Justice has been done, no one injured.

Calhoun v. Adams.

A revivor gives no new right. It merely removes an obstacle to the enforcement of a right already adjudicated. The assignment of a judgment, gives a party the right to control it, and having the right to control it, he has the right to revive it. 11 *Ark.*, 743, 748. The objection is too technical, especially when made here for the first time.

. SMITH, J. In 1872 the firm of Adams, Cockburn and Picton recovered a judgment in the Chicot Circuit Court against John C. Calhoun for $6,444.62. In 1882 Adams, one of the plaintiff firm, filed his petition in the same Court, suggesting that said judgment, which was alleged to be wholly unsatisfied, had been assigned to him and praying for a revivor to the end that he might have execution thereof. A *scire facias* was issued, which correctly described the judgment, recited the averments of the petition and required the defendant to show cause against the revivor. The defendant appeared and demurred to the petition and *scire facias* because 1, They do not state sufficient facts; 2, The judgment had been irregularly and illegally obtained. The demurrer was overruled and the defendant declining to plead further, the judgment was revived, not in the name of Adams individually, but as it was originally entered.

**1. REVIVOR OF JUDGMENTS: Defense to *sci fa.*** The second cause of demurrer needs no notice. The matter stated could not be raised by demurrer and would have been bad if pleaded. No errors or irregularites are perceived in the original judgment; but if there had been such, they could not be taken advantage of in this proceeding. *Anthony v. Humphries,* 9 *Ark.,* 176.

**2. SAME: Petition to revive not necessary.** The petition of Adams was unnecessary. The writ of *scire facias* performs the double function of a declaration and a summons. *Trapnall v. Terry,* 27 *Ark.,*70. So far as the right to revive was concerned, it was wholly imma-

terial whether Adams was sole owner of the judgment, or whether the ownership continued as at the time of its rendition. The petition, therefore, which was designed to advise the court of the change of ownership, may be disregarded.

The writ is undoubtedly framed upon the notion that Adams, having become the real party in interest, may maintain proceedings to revive the judgment. Now a *scire facias*, being a judicial writ, ought to pursue the nature of the judgment. It should run in the names of all the plaintiffs in the action against all the defendants, where all the parties are in existence. It is not the institution of a new suit, but the continuation of the old one. And the object is, not to procure a new judgment for the debt, but execution of the judgment that has already been obtained. *Greer v. State Bank*, 10 *Ark.*, 455; *Bolinger v. Fowler*, 14 *Id.*, 27; *Brearly v. Peay*, 23 *Id.*, 172; *Austin v. Reynolds*, 13 *Tex.*, 544; *Carson v. Moore*, 23 *Id.* 450.

Yet inasmuch as the judgment of revivor was correct and as the recitals in the *scire facias* point to the judg‘ment sought to be revived with such certainty that it is impossible for the defendant to have been mis-led to his prejudice, the formal amendment of the writ so as to make the proceedings harmonize and the whole record consistent with itself, must be considered as having been made below. For this abundant authority may be found in our statutes and decisions. *Gantt's Dig. Sec's.*, 4611-12, 4616-17, 4619, 4699; *Anthony v. Humphries*, 9 *Ark.*, 183; *Same Case*, 11 *Id.*, 663; *King v. Caldwell*, 26 *Id.*, 405.

Affirmed.