## WARD *v.* STURDIVANT.

Opinion delivered November 7, 1910.

1. APPEAL AND ERROR—EQUITY CASE—TRIAL DE NOVO.—Upon appeal in an equity case, the cause is tried *de novo;* and if, upon an examination of the whole case, it appears that the decree of the chancellor is correct, it will not be reversed, although it is based upon an erroneous conclusion of fact. (Page 439.)

2. JUDGMENT—CONCLUSIVENESS OF JUDGMENT OF REVIVAL.—A judgment of revival entered upon a *scire facias* is as conclusive as other judgments, and can not be collaterally avoided for mere error or irregularity; and, until set aside by some proper proceeding, it conclusively establishes the facts necessary to support it as against all parties thereto. (Page 439.)

3. SAME—REVIVAL—PARTIES.—A judgment in favor of the administrator of an estate as such, upon the closing of the estate, becomes the property of the heirs of the decedent, and should be revived in their names. (Page 440.)

4. SAME—REVIVAL—CONCLUSIVENESS.—One who failed to object at the trial to the revival of a judgment in his name as administrator, instead of in his name individually, cannot thereafter object. (Page 440.)

5. SAME—REVIVAL—WHO MAY ENFORCE.—Where, after an administration was closed, a judgment in favor of an administrator as such was revived in the name of such administrator, such judgment remains the property of the decedent's heirs, and may be controlled and enforced by them. (Page 440.)

6. SUBROGATION—PAYMENT BY ADMINISTRATOR OF DEBT DUE TO ESTATE.—If the representative of an estate pays to the estate an indebtedness due to it, he becomes equitably the owner of such claim. (Page 440.)

7. JUDGMENT—LACHES.—The right to enforce a judgment at law can. not be lost by laches or by any delay short of the period of limitation fixed by the statute. (Page 441.)

8. LACHES—WHEN INAPPLICABLE.—The doctrine of laches applies only to equitable defenses interposed against the enforcement of equitable remedies; it does not bar the enforcement of a legal right, which alone is involved in the enforcement of a judgment at law. (Page 441.)

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Sain & Sain* and *T. D. Crawford,* for appellant.

All the disputed facts in this case are settled by the court's decree in favor of appellant. That it erred in its findings of law appears from the findings of fact. The judgment of revivor upon the *scire facias* was as effective as an adjudication as other judgments, and can not be collaterally avoided for any mere error or irregularity. 2 Freeman on Judgments, § 448; 43 S. C. 440; 1 Edw. Ch. (N. Y.), 497; 35 Cyc. 1159. On a collateral attack, it will be presumed that plaintiff had authority to revive the judgment. Since in his final settlement as administrator appellant was charged with the amount of the judgment, he was thereby subrogated to all the rights of the estate in said judgment. If it was error to revive it in the name of B. Ward, administrator, it was not prejudicial. He was entitled to have the judgment revived. 43 Ark. 238; 51 Ark. 287; 16 La. Ann. 108, 79 Am. Dec. 568; 2 Rawle, 128; 19 Am. Dec. 629; 4 S. E. 148. Kirby's Digest, § § 5999, 6001; 92 N. W. 597-9; 2 Black, Judgments, § 951; 69 Am. St. (Mont.), 698; 74 Fed. 702; 1 Hill (N. Y.) 339; 164 Pa. St. 87; 11 Ia. 148; 94 N. C. 265. No formal assignment of the judgment from Ward, administrator, to Ward, individ-

ually, was necessary. He is in the same attitude as if he had paid debts of the estate with his own means. Sheldon on Subrogation, § 202; 3 Johns. Ch. 312. The doctrine of laches does not apply here. Laches is an equitable *defense,* the right to plead or take advantage of which is confined to claims for purely equitable remedies. 89 Ark. 23.

*W. C. Rodgers,* for appellee.

1. In all equity cases the trial here is *de novo.* 73 Ark. 187; 75 Ark. 72; 76 Ark. 153; 84 Ark. 172. And if the decree below was correct, it is immaterial what reasons were given in the finding of facts. 49 Ark. 20; 73 Ark. 418; 75 Ark. 107; 79 Ark. 594; 85 Ark. 1; 12 Utah 104; 52 Miss. 200; 15 Wis. 50. It was the duty of appellant's counsel to bring into the record all the evidence and to abstract it as well, if they would show error in the decree. 92 Ark. 622; 80 Ark. 259; 89 Ark. 249. Failing in this, the presumption is in favor of the correctness of the judgment. 87 Ark. 368; 82 Ark. 547; 129 S. W. (Ark.) 793; 90 Ark. 393; 81 Ark. 66.

2. "The right of subrogation is purely equitable; it can be enforced only in equity, and the remedy is subject to all the rules governing the enforcement of equities." 82 Ark. 407; 96 U. S. 659. No one can claim its benefits unless he asks it in his bill and states facts entitling him to the remedy. 112 U. S. 423. Since a court of chancery may impose terms as a condition of decreeing the right of subrogation, it is not unreasonable for the court to require of the person asking the relief to be diligent. 55 Ark. 85. A debt paid by an administrator is not assigned to him, but extinguished, and he has no right of subrogation to the rights of the original creditor. 3 Grant Cas. (Pa.) 192; 7 Watts (Pa.) 353.

FRAUENTHAL, J. This was an action instituted by the appellee to restrain the sheriff of Howard County from executing to the appellant, Bascom Ward, a deed to land sold under an execution issued upon an alleged void judgment claimed to be owned by said Ward. In his complaint appellee alleged that on February 18, 1895, the said Ward as the administrator of the estate of Susan Jones, deceased, recovered judgment against him before a justice of the peace of Howard County for $50, and that in 1905 said Ward as such administrator

sued out of the circuit court of said county a writ of scire facias to revive said judgment, and that on February 16. 1905, said circuit court adjudged a revival thereof. He alleged that the administration of the estate of Susan Jones was finally closed in 1902, and that said Ward was not administrator of said estate at the time said scire facias was sued out to revive said judgment nor at any time thereafter. He further alleged that on December 23, 1908, said Ward in his individual capacity and without right sued out an execution in his own name on said judgment of revival, which was levied by said sheriff on land of appellee, which was thereunder sold to said Ward, and a certificate of purchase executed to him therefor. He alleged that said judgment of revival was void; and that, if it was valid, the judgment was the property of said estate and not of Ward, and that the execution issued thereon in the name of Ward individually was void. He further alleged that the land was his homestead, and was exempt from seizure or sale under said execution.

In their answer the appellants denied that the land was the homestead of appellee, and alleged that said Ward became the equitable owner of said judgment by reason of the fact that in his final settlement as administrator of said estate he was charged with said judgment.

The judgment rendered by the circuit court upon said scire facias to revive was as follows:

"B. Ward, Administrator, *v.* J. B. Sturdivant; Scire Facias to Revive Judgment.

"On this day comes the plaintiff, by his attorney, and presents and files in open court a writ of scire facias to revive a judgment rendered against J. B. Sturdivant on November 30, 1901, in this court in favor of B. Ward, as administrator, for the sum of $50, which judgment has been in no wise reversed, annulled, set aside or satisfied, and, the defendant having accepted service of said scire facias upon him as is shown by his indorsement upon same and the defendant failing to appear herein and show cause why the judgment should not be revived against him, it is therefore considered, ordered and adjudged by the court that the judgment rendered in the justice of the peace court on the 18th day of February, 1895,

against J. B. Sturdivant, in favor of B. Ward, administrator, for the sum of $50 be and the same is hereby revived and put in full force and effect."

The order of the probate court made upon the settlement of said Ward as administrator of the estate of Susan Jones, and by virtue of which he claims that the original judgment was charged to him was as follows:

"Estate Susan E. Jones, Deceased; B. Ward, Administrator.

"On this day proceeded to examine said settlement filed herein by B. Ward, administrator, and the exceptions to same by J. J. Nelson, guardian of Bettie Jones, insane, and the court, having heard the argument of counsel and being sufficiently advised, doth sustain said exceptions, in so far as pertains to the claim of F. Revell for $6, which is disallowed, and the claim of John Marshall for $104.28, which is disallowed for $40, and that B. Ward, administrator, be charged $50 for rent of 1894, which will leave the estate due the administrator 39-100 dollars. And it is further ordered that the rent for 1895, $50, be turned over to the clerk of the court, who will appropriate same to paying the legal expenses of said estate, and from the remainder, if any, to pay B. Ward for taxes of 1894, paid by said estate and to redeem land of said estate forfeited for taxes. And the said B. Ward and his bondsmen are released from all liability to said estate."

The cause was heard by the chancery court upon the depositions of a number of witnesses and the above judgment of revival and said order of the probate court. The chancery court found that said Ward as administrator of the estate of Susan Jones, deceased, recovered judgment against appellee for $50 on February 18, 1895, and that the judgment was revived by the circuit court on February 16, 1905, but that at the time the writ of scire facias to revive said judgment was sued out in the circuit court and said judgment of revival rendered the administration of said estate was closed by order of the probate court, and that said Ward was not then administrator of said estate. It found that appellee was not entitled to claim the land as a homestead. It further found "that said Ward was entitled to subrogation to the rights of the estate of Susan Jones to realize the said sum of $50 from the plaintiff herein, J. B.

Sturdivant, but finds also that the right accrued in May, 1895, and that the defendant, Ward, has lost the right to claim subrogation by reason of his laches and delays without any excuse therefor being shown." The court thereupon entered a decree restraining the execution of a deed and any further proceedings under the sale of said land made by virtue of the execution issued on said judgment.

It is urged by counsel for appellants that all of the disputed questions of fact in this case are settled by the findings of facts made by the chancellor, and that the only question for this court to determine upon this appeal is whether or not the chancellor erred in his conclusions of law. We do not think this contention is correct. Upon the appeal of a case in equity to this court the cause is heard *de novo*. The appeal brings up the whole case, and this court passes upon the record as to the facts as well as the law. The findings of fact by the chancellor are not conclusive upon appeal. His findings are persuasive only, and this court reviews the evidence as in a case upon trial *de novo*. And if, upon an examination of the whole case, it appears that the decree of the chancellor is correct, it will not be reversed, although it is based upon an erroneous conclusion of fact. *Kelley* v. *Carter,* 55 Ark. 112; *Niagara Fire Insurance Company* v. *Boon,* 76 Ark. 153; *Parker* v. *Wells,* 84 Ark. 172; *Fordyce Lumber Company* v. *Wallace,* 85 Ark. 1.

This being an appeal from a decree in a case in equity, we have therefore examined the entire record, and have based our conclusion as to the merits of this cause thereon.

The sale of the land, which the appellee is seeking to set aside, was made under an execution issued upon a judgment of revival. That judgment was rendered in a proceeding by scire facias, and, after its rendition, it became as effective as an adjudication as other judgments. In a proceeding to revive a judgment by scire facias the defendant is bound to plead all matters of defense that he has just as he would in an ordinary suit. The judgment of revival is conclusive against all facts and defenses which existed before its rendition. In 2 Freeman on Judgments, § 448, it is said: "The effect of a judgment entered upon a scire facias as an adjudication does not differ from that of other judgments. It can not be collaterally avoided for

mere error or irregularity, and, until set aside by some proper proceeding, it conclusively establishes the facts necessary to support it as against all persons properly made parties thereto." *Helms* v. *Marshall,* 121 Ga. 769; *Babb* v. *Sullivan,* 43 S. C. 440; *Witherspoon* v. *Twitty,* 43 S. C. 348.

Upon the hearing of the proceeding to revive the judgment a plea could have been made that there was a defect of parties, if the administration of the estate in whose name the judgment had been recovered was finally closed. The judgment did not become discharged by reason of the fact that the administration was closed. Upon the closing of the administration the heirs of the decedent became the owners of the assets of the estate that were unadministered, and were then the proper parties in whose name the proceedings by scire facias could have been revived, if the judgment was still the property of the decedent. *Crane* v. *Crane,* 51 Ark. 287; *Beckett* v. *Whittington,* 92 Ark. 230.

But, having failed to raise any objection to the party in whose name the judgment of revival was rendered, the parties are now concluded thereby; and the judgment can be controlled and enforced by the heirs of said decedent, if said judgment was still the property of said estate when it was closed. But it is urged by counsel for appellant that Ward, as administrator of the estate of Susan Jones, charged himself with and accounted to the estate for this judgment against appellee, and thereby he became subrogated to the rights of the estate to said judgment. If a representative of an estate pays to the estate an indebtedness due to the estate, he becomes equitably the owner of such asset of the estate. Sheldon on Subrogation, § 202; 27 Am. & Eng. Enc. Law, 253. But in this case there is no evidence that appellant paid to the estate of Susan Jones this judgment against appellee or accounted therefor to said estate in his settlements. The only order of the probate court made in the matter of said estate relative to any settlement filed by appellant as said administrator is the order set out above In that order it is provided that "B. Ward, administrator, be charged $50 for rent of 1894." There is no charge made against the administrator on account of said judgment, and there is no testimony in the record showing that this judgment against appellee covers the item of $50 for rent of 1894, or that such

rent was due from appellee, or that the judgment recovered before the justice of the peace was based upon such item of rent. Before one can be subrogated to the rights of another in property, the evidence must show that he is clearly entitled to such right to subrogation. The affirmative allegations in the complaint in this case that the judgment was the property of the estate of Susan Jones were in effect denials of the averments made by appellants in the answer that Ward was the owner thereof by reason of a right of subrogation thereto. Such averments in the answer were matters of defense, and required no reply. They were therefore not admitted, but required proof to sustain them. 18 Enc. Plead. & Prac. 696; *Watson* v. *Johnson*, 33 Ark. 737; *George* v. *St. Louis, I. M. & S. Ry. Co.*, 34 Ark. 613; *St. Louis, I. M. & S. Ry. Co.* v. *Higgins*, 44 Ark. 293. There is no testimony in the record which shows that appellant paid to the estate the indebtedness due to it by appellee or accounted to the estate for the judgment which the estate recovered against him. The chancellor therefore erred in finding that appellant Ward was entitled to be subrogated to the rights of the estate of Susan Jones in the judgment which was recovered against appellee. The judgment was therefore a part of the assets of the estate of Susan Jones when the administration of that estate was closed, and thereupon the heirs of Susan Jones became the owners thereof, and they were and are the only persons who had a right to control and enforce it. But the right to enforce the judgment could not be lost by laches or any delay shorter than the period provided by the statute of limitation as a bar against judgments. The doctrine of laches applies only to equitable defenses interposed against the enforcement of equitable rights or remedies; it does not bar the enforcement of a strict legal right, which alone is involved in the enforcement of a judgment at law. *Waits* v. *Moore*, 89 Ark. 23.

It follows that the heirs of Susan Jones had and have the right to enforce this judgment against the appellee, but the appellant, under the testimony in the record in this case, did not have that right.

Upon the whole case, therefore, the decree of the chancellor is correct, and it is affirmed.

KIRBY, J., not participating.