## WALDSTEIN *v.* WILLIAMS.

### Opinion delivered January 1, 1912.

1. JUDGMENT—REVIVAL OF LIEN—NOTICE.—Under Kirby's Digest, sections 4445, 4446, providing for revival of the lien of a judgment by constructive service where the judgment-debtor can not be found, service of the scire facias in the mode provided by the statute is sufficient. (Page 407.)

2. SAME—REVIVAL OF LIEN—EFFECT.—Under Kirby's Digest, section
   4448, where a scire facias is sued out before the termination of the lien
   of a judgment, but the judgment reviving the lien was not entered
   until after the period of three years had expired since the judgment was
   rendered, the judgment of revival relates back to the date of the issu-
   ance of the scire facias. (Page 408.)

Appeal from Garland Chancery Court;  *J. P. Henderson,*
Chancellor; affirmed.

### STATEMENT BY THE COURT.

This was a proceeding in the Garland Chancery Court to
enjoin the sale of a certain lot in the city of Hot Springs, al-
leged to be the property of appellant. The facts are sub-
stantially as follows: The appellees, on the 30th day of June,
1904, recovered judgment against Nettie W. Brooks in the
Garland Circuit Court. On the 1st day of June, 1907, they
sued out a writ of scire facias to revive the lien of the judgment.
This was done by constructive service pursuant to the statute
(sections 4445-6, Kirby's Digest); it appearing that the judg-
ment-debtor was a nonresident.

On the 16th day of June, 1908, the court entered the fol-
lowing: "It being further considered, ordered and adjudged
that the lien of said judgment be and the same is hereby revived
and continued for the space of three years next after the 1st
day of June, A. D. 1907."

On the 27th day of June, 1907, or three days before the lien
of the judgment would have expired, the appellant claims that
he purchased the land from the judgment-debtor. The ap-
pellant contends that the lien of the judgment had expired, and
that same had never been properly revived, and that appellees,
the owners of the judgment, therefore could not enforce the
same against the land.

*James E. Hogue,* for appellant.

A court can not revive the effects of a personal judgment
when it is without jurisdiction to revive the judgment itself.
In a proceeding to recover a personal judgment or to revive one
already in existence, personal service or voluntary appearance
is absolutely essential to the court's jurisdiction; while in a
proceeding to fix a lien upon the defendant's property by process
of attachment, or to enforce or revive a lien already existing,

the court may proceed against the defendant's property under rules regulating the practice in cases of constructive service. To revive the judgment itself, the defendant must be brought into court. It is not necessary that the defendant own any property to entitle the judgment-creditor to a writ of scire facias. A proceeding to revive a personal judgment is not a proceeding against property, but a proceeding against a person. The action may be one *in personam* to revive the judgment itself, or it may be made an action *in rem* to revive the lien of a judgment against property, and in the latter case it is necessary that the property be described in the writ, as in the first case it is necessary to name the person proceeded against. In this case the person was beyond the jurisdiction of the court, and there was no pretense to a claim that there was any property involved in the proceedings. 15 Ark. 232. As to the office and functions of a writ of scire facias, see 19 Enc. Pl. & Pr. 264; *Id.* 275; *Id.* 268, 269; 7 Ark. 442; 15 Ark. 232; 3 Ark. 313; 9 Ark. 336; 45 Ark. 304. Judgment liens are creatures of statute, and in the absence of express legislative enactment judgments do not attach as liens upon real property in the modern sense of the term. 23 Cyc. 1352. Section 4444, Kirby's Digest, applies only to actions *in rem.*

*Wm. H. Martin,* for appellees.

1. Appellees having strictly complied with the requirements of the statute, Kirby's Digest, § § 4442 to 4448 inclusive, as appears by the recitals of the judgment itself, the lien of the judgment was by these proceedings continued for three years from the 1st of June, 1907, the date the writ of scire facias was sued out. The rule contended for by appellant does not apply to the facts of this case. Personal service was had upon the judgment-debtor in the original proceeding which resulted in the judgment against her; this is a mere ancillary proceeding to revive the lien of the original judgment. 10 Ark. 534; 30 Am. St. Rep. 318. Personal service is not necessary to revive a judgment. 2 Freeman on Judgments, § § 444-445.

2. When revived, the lien of the judgment relates back to the date of the issuance of the writ of *scire facias.* Kirby's Digest, § 4448; 12 Ark. 421, 573; 13 Ark. 544, 557; 15 Ark. 74, 88.

3. A purchaser of property in litigation, with actual notice, takes subject to the result of the suit. 75 Ark. 230; 87 Ark. 64; 17 Ark. 608-680; 12 Ark. 421, 564.

WOOD, J., (after stating the facts). 1. Counsel for appellant says, in his brief, that the pivotal point upon which this case turns is, "Can a personal judgment be revived upon a constructive service?"

More accurately stated, the question is: Can the lien of a personal judgment be revived by constructive service?

Appellant contends that it was necessary, before a revival of the lien of the judgment could be had, that the judgment-debtor be served with notice of the scire facias in person; that personal service, in other words, is as essential in the revival of the lien of the judgment as it was in the first place to obtain the original judgment.

The original judgment was rendered after personal service upon the judgment-debtor herein, and that judgment, under the statute, remained in full force for ten years (Kirby's Digest, § 4442), and was a lien on the real estate of the judgment-debtor in this State for three years from the date of the judgment. Kirby's Digest, § § 4438-9.

It was entirely within the province of the Legislature to enact as to how long the lien of a judgment should be continued, and as to the service necessary to be obtained upon the judgment-debtor in order to revive such lien. It is not necessary, under the statute, that the same service should be had upon the judgment-debtor in reviving the lien that was had upon him when the original judgment was obtained. The Legislature has enacted that, "if the debtor can not be found, the court shall make an order briefly setting forth the nature of the case and requiring all persons interested to appear and show cause why such judgment or decree should not be revived and the lien continued."

And further: "A copy of such order shall be put up at the courthouse door of the county in which such judgment or decree may have been rendered four weeks before the commencement of the term of court at which the parties are required to appear."

And further: "If, upon service or publication of the scire facias as required in the preceding section, the defendant, or

any other person interested, do not appear and show cause why such judgment or decree shall not be revived, the same shall be revived, and the lien continued for another period of three years, and so on from time to time, as often as may be necessary." Kirby's Digest, § § 4445, 4446, and 4447.

These sections were duly complied with by the appellees in the proceedings to revive the judgment lien against their judgment-debtor, Mrs. Brooks.

We are of the opinion that the service was sufficient, and that the court was not without jurisdiction to render the order and judgment reviving the lien.

In *Brown* v. *Byrd*, 10 Ark. 533, this court said: "The courts, both of England and the United States, seem to have held with great uniformity that scire facias on a judgment to procure execution against a party thereto is not an original suit, but a continuation of the former action, and that the execution thereon is an execution on the former judgment." In other words, the proceedings under the statute to revive the lien of the judgment are only subsidiary to the original action. They do not constitute a new action, but only a continuation of the old one. *Rice* v. *Moore*, 48 Kan. 590, 30 Am. St. Rep. 318; *Irwin* v. *Nixon's Heirs*, 11 Pa. St. 419, 51 Am. Dec. 559 and note. See 2 Freeman on Judgments, § § 444, 445.

Service in the manner prescribed by the statute is all that was necessary.

II. Where a scire facias to revive a judgment lien issues before the lien expires, and the judgment of revival is not entered until after, the judgment reviving the lien, when entered, relates back to the date of the issuance of the scire facias, and continues the lien of the judgment without lapse. The judgment-creditor, in such case, has his lien unbroken against the judgment-debtor and all others who claim under him, for the scire facias operates against all such persons as a *lis pendens*. *Trapnall* v. *Richardson*, 13 Ark. 544; *Watkins* v. *Wassell*, 15 Ark. 74. See also *Lawson* v. *Jordan*, 19 Ark. 300; and *Hershy* v. *Rogers*, 45 Ark. 307.

In the latter case Judge COCKRILL, speaking for the court, said: "The lien of a judgment upon real estate commences. upon the day of the rendition of the judgment, and continues for three years, subject to be further continued or revived by

suing out a scire facias and taking judgment for that purpose."

Section 4448, Kirby's Digest, provides: "If a scire facias be sued out before the termination of the lien of any judgment or decree, the lien of the judgment revived shall have relation to the day on which the scire facias issued."

Under this statute and the authorities above cited, there can be no doubt that the appellees, at the time of the alleged conveyance of the lot from Mrs. Brooks to appellant, had a lien on the same under their judgment, which they can enforce, and the decree of the chancery court so holding and dismissing the complaint of appellant for want of equity is correct, and the same is affirmed.