## United States Brewing Company of Chicago, Appellant, v. Charles Epp, Appellee.

## Gen. No. 32,059.

1. APPEARANCES—*waiver of defect in service of process.* A motion to set aside a judgment, which is based upon any other matter except the question of jurisdiction, amounts to a general appearance and the submission of the defendant to the jurisdiction of the court, waiving all defects in the service of process.

2. JUDGMENTS AND DECREES—*personal service of writ of scire facias.* It is the established practice in this State that, if possible, there should be personal service of a writ of scire facias to revive a judgment.

3. JUDGMENTS AND DECREES—*defenses in scire facias to revive judgment.* The only defenses which can be set up in a scire facias proceeding to revive a judgment are that no judgment was rendered, or, if one was rendered, that it has been satisfied or discharged.

4. JUDGMENT AND DECREES—*acquisition of jurisdiction in scire facias to revive judgment.* The requirements for obtaining jurisdiction of the defendant upon a scire facias to revive a judgment are not necessarily as strict as those required when the original judgment is obtained.

5. APPEARANCES—*waiver of defect in service of process in scire facias to revive judgment.* A defendant in a scire facias proceeding to revive a judgment may submit himself to the jurisdiction of the court by less definite conduct than in the case of an original proceeding, and any conduct on his part which indicates submission of himself to the court will be construed to waive any defect or failure in the service of process.

6. APPEARANCES—*acts constituting waiver of defect in service of process in scire facias.* A defendant in a scire facias proceeding to revive a judgment waives any defect or failure in the service of process and consents to the jurisdiction of the court by filing schedules of exemption to executions issued on the revived judgment, reciting the revived judgment in the affidavits to the schedules; by moving to set aside the original judgment and for leave to try the case on the merits, the supporting affidavit reciting the order of revival and the executions therein; and by moving to set aside the order of revival, based upon many other matters than questions relating to jurisdiction.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1927. Reversed. Opinion filed January 30, 1928.

WINSTON, STRAWN & SHAW, for appellant; HAROLD A. SMITH, of counsel.

No appearance for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By this appeal plaintiff seeks the reversal of an order vacating and setting aside a judgment of revival by scire facias of a prior judgment of $710.25. The defendant does not contest this appeal.

The original judgment was entered by confession September 9, 1918. Execution was issued but never served. August 15, 1925, a writ of scire facias was issued to revive the judgment. September 8, 1925, the writ was returned bearing the indorsement of the sheriff that the defendant was not found. September 10th an order was entered by the court reciting

United States Brewing Co. v. Epp, 247 Ill. App. 315.

that the defendant had been served with the writ and it was ordered that the judgment be revived in the amount of $710.25 and that execution issue. An execution and an *alias* execution were issued and served, to which the defendant filed schedules, which will later be noticed in more detail. March 20, 1926, the defendant appeared before Judge Hurley and moved to vacate the original judgment and asked that he be allowed to plead his defense, submitting a sworn petition in support thereof. March 27th this motion was denied. May 4, 1927, the defendant filed his motion and supporting affidavit asking the court to set aside the order of September 10, 1925, reviving the judgment. This motion was continued to May 14th. On this last date defendant filed a special and limited appearance by his attorney and the hearing was continued to June 4th, when the court vacated the order of revival.

Plaintiff contends that, although the defendant was not served with process to the scire facias, by his subsequent conduct in moving to vacate the original judgment and by filing his schedules to the executions issued on the revived judgment, he acquiesced therein. It is undoubtedly the rule that irregularity in obtaining jurisdiction of the person may be waived. If a party appears to a cause for any purpose whatsoever, except only to object to the process or service, he waives all objections thereto, although there may have been no service. *Dunning v. Dunning,* 37 Ill. 306.

When defendant on March 20, 1926, moved to set aside the judgment, he raised no point touching jurisdiction. His motion presented only the merits of the controversy and asked that he be allowed to defend. Under similar circumstances it was held in *Yorke v. Yorke,* 3 N. D. 343, 55 N. W. 1095: "This was a voluntary and unqualified submission to the jurisdiction of the court, generally, and, although made after judgment, was a waiver of all defects in the process,"

citing *Elliott v. Lawhead,* 43 Ohio St. 171; *Leake v. Gallogly,* 34 Neb. 857, 52 N. W. 824; *Grantier v. Rosecrance,* 27 Wis. 488. In *Anderson v. Coburn,* 27 Wis. 558, it was held that where a motion is made after judgment to set aside the judgment, this is in effect a general appearance, curing all defects in the service of summons and rendering the judgment valid. Many other cases might be cited supporting the proposition that where the grounds for the motion to set aside are based upon any other matters except the question of jurisdiction, such motion amounts to a general appearance and the submission of the defendant to the jurisdiction of the court, waiving all defects in the service of process. *Handy v. Insurance Co.,* 37 Ohio St. 366; *Harper v. Biles,* 115 Pa. St. 594, 8 Atl. 446.

However, the question before us is not concerned with the original judgment, but with the order reviving such judgment under the writ of scire facias. Under our statute judgments in any court of record in this State may be revived by scire facias within 20 years from the date of such judgment. Cahill's St. ch. 83, ¶ 27. The requirements for the service of the writ are somewhat indefinite in many jurisdictions. Its professed object is to give some warning or notice to the person to be charged thereby, and as stated in 24 R. C. L. 678: "In practice this object was lost sight of and it became possible to proceed without giving any actual notice whatsoever." It seems this practice is still retained, in whole or in part, in some of the States. In some States and in certain cases in this State a return of one or two *nihils* is sufficient. In the English Court of Common Pleas only one return of *nihil* is sufficient for judgment of revivor. The only provision we find in our statute with reference to service of the writ to revive a judgment is section 43 of the Practice Act, chapter 110, Cahill's St. ch. 110, ¶ 43, which provides that where the defendant is concealed so that process cannot be served on him and stating the place of resi-

dence, if known, or that it cannot be ascertained, notice may be given him by publication and mail. It is, however, the established practice in this State that, if possible, there should be personal service of the writ. In *Bickerdike v. Allen,* 157 Ill. 95, it was held that such a proceeding is not *in rem,* but *in personam,* and that mailing a notice to a defendant within the State is sufficient. The same case holds that the proceeding is not a new suit, but merely the continuation of the old one. It does not determine the obligations of the defendant to the plaintiff, as involved in the original controversy and which are settled by the former judgment, but merely seeks a revival of the former judgment in order to have execution on it. Defendant cannot show any matter which was pleaded or might have been pleaded in the former action. The only defenses which can be set up in the scire facias proceeding are that no judgment was rendered, or, if one was rendered, it has been satisfied or discharged. 21 Am. & Eng. Encyc. of L., p. 854; *Smith v. Stevens,* 133 Ill. 183. In *Waldstein v. Williams,* 101 Ark. 404, 142 S. W. 834, 37 L. R. A. (N. S.) 1162, it was held that the legislature could provide the manner of reviving a personal judgment and as to the service necessary to be obtained, and that the statute might properly provide that it was not necessary that the same service should be had upon the defendant in reviving the judgment that was had upon him in the original judgment. In *Dustin v. Brown,* 297 Ill. 499, where the writ was served on only one of a number of co-defendants, who entered his appearance and consented thereto, it was held that this judgment of revivor was binding not only on him but on his codefendants.

These considerations lead us to the conclusion that the requirements for obtaining jurisdiction of the defendant upon a scire facias to revive a judgment are not necessarily as strict as those required when the original judgment is obtained, and that the defendant,

in such a proceeding, may submit himself to jurisdiction by less definite conduct than in the case of an original proceeding, and that any conduct on his part which indicates submission of himself to the court will be construed to waive any defect or failure in the service of process.

September 10, 1925, the order of revival was entered. Execution was issued, and on October 3, 1925, a demand was made upon the defendant. This demand recites the revival judgment by scire facias. In response to this, defendant swore to a schedule which, after reciting the judgment of revivor, schedules certain personal property as exempt. A second execution was issued and served on defendant. This also recited the judgment by revival. This execution was levied on certain real estate, and pursuant to the statute three householders were appointed to and did appraise the same. To this second execution defendant also filed a schedule of exemption, which was sworn to, in which the judgment of revival was recited. The next move was March 20, 1926, when defendant appeared before Judge Hurley and moved the court to set aside the original judgment and for leave to try the case on the merits. In his supporting affidavit defendant recited the order of revival and the executions thereon and did not question them in any way. Furthermore, in the motion of May 4, 1927, to set aside the order of revival, defendant in his petition grounded his motion upon many other matters than questions relating to jurisdiction.

We hold that this subsequent conduct of the defendant amounted to a waiver of any defect or failure in the service of process and was a consent to the jurisdiction of the court. It therefore follows that the order of June 4, 1927, vacating the order of revival of September 10, 1925, was erroneously entered, and it is reversed.

*Reversed.*

Matchett, P. J., and O'Connor, J., concur.