## CABLER *v.* ANDERSON.

Opinion delivered April 8, 1929.

*Cleveland Cabler* and *Trieber & Lasley,* for appellant.

*S. L. White,* for appellee.

KIRBY, J.   It is urged that the claim, based upon the judgment, was barred by the ten-year statute of limitations, the judgment not having been properly revived, and that the circuit court erred in holding otherwise and confirming the order of allowance thereof made by the probate court.

It is undisputed that the motion to revive the judgment was filed on January 31, 1927, in the Pulaski Chancery Court, wherein the decree was rendered on March 14, 1917, and that the writ of *scire facias* was issued and served on the defendant, C. P. Waters, the same day. The motion was styled "L. C. Going, trustee for Ruth Harold, plaintiff, v. C. P. Waters, defendant, No. 20957," and both it and the writ recited the recovery of the judgment on the said day of its rendition for $2,400, the realization from the sale of the property foreclosed of $1,800 credited thereon, leaving a balance due and unsatisfied of $600, interest, etc.   The defendant, C. P. Waters, was summoned to appear on February 21, 1927, and answer the premises and show cause why the judgment should not be revived against him and plaintiff have execution thereof.   The order reviving the judgment was made on the return day of the writ, the said 21st day of February, 1927, reciting the recovery of the judgment, the realization of $1,800 from the sale of the property credited thereon, a balance of $600 due, the death of L. C. Going; the marriage of Ruth Harold, her name now being Ruth Harold Anderson, the real party in interest, and the service of a summons on defendant, and his failure to appear or make answer.   The original judgment was rendered after personal service upon the debtor, as was also the order of revival, and both the motion for revival and the writ served upon the defendant re-

cited correctly the chancery record, Case No. 20957, of the judgment sought to be revived.

Although it is true that the judgment revived was entered in favor of Miss Ruth Harold for the amount of it and for foreclosure of the lien by L. C. Going, as trustee, in the deed of trust given to secure the payment of the note to her, upon which this judgment was rendered, and while the motion to revive and the *scire facias* did not correctly recite the exact amount of the judgment entered for her, and recited a less balance after crediting the $1,800 realized from the foreclosure sale than was actually due, these were mere errors and irregularities not affecting the validity of the judgment of revival.

There was no attempt to show, nor any claim made then or now, that any other or different judgment, or more than the said one judgment, had been recovered by the plaintiff against the defendant by the party seeking the revival, the real party in interest, and the whole proceeding pointed to the judgment with such certainty as that it was impossible for the defendant, C. P. Waters, to have been misled to his prejudice about the identity of the judgment sought to be revived.

The motion for revival was unnecessary, anyway, the writ of *scire facias* performing the double function of a declaration and a summons, and was not the institution of a new suit but the continuation of the old one, the object being not to procure a new judgment for the debt but. the extension of the judgment that had already been obtained. *Greer* v. *State Bank,* 10 Ark. 455; *Calhoun* v. *Adams,* 43 Ark. 238; *Walstein* v. *Williams,* 101 Ark. 404, 142 S. W. 834, 37 L. R. A. (N. S.) 1162.

The order of revival was made on the 21st day of February, 1927, within ten years from the rendition of the judgment, and the contention that the claim was barred is without merit   Section 6316, C. & M. Digest.

No appeal was taken from the order of revival of the judgment, and as against a collateral attack, as this is. it cannot be avoided for mere error or irregularity—

the objections urged amount to nothing more—and conclusively establishes the facts necessary to support it as against all persons properly made parties. *Ward* v. *Sturdivant,* 96 Ark. 434, 132 S. W. 204; 1. Freeman on Judgments, § 390.

We find no error in the record, and the judgment is affirmed.