(January 13, 1911.)

# SAM HAAS et al., Respondents, v. A. R. TETERS, Appellant.

[113 Pac. 96.]

JUDGMENT — APPEAL FROM — BILL OF EXCEPTIONS — JUDGMENT-ROLL — WHAT IT MUST CONTAIN.

(Syllabus by the court.)

1. Where an appeal is taken from the judgment on the judgment-roll alone, and where the defendant has answered (subd. 2 of sec. 4456, Rev. Codes, as amended by Sess. Laws 1909, p. 76), the judgment-roll consists of the pleadings, a copy of the verdict of the jury or the findings of the court or referee, a copy of any order made on demurrer or relating to a change of parties, and a copy of the judgment. Bills of exception are not made a part of the judgment-roll.

2. Under the provisions of sec. 4818, Rev. Codes, on an appeal from a final judgment the appellant is required to furnish the court with a copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or statement in the case upon which the appellant relies; hence a bill of exceptions found in the transcript is properly there when appellant relies on it upon his appeal.

3. *Held*, that no reversible error appears on the face of the transcript.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover on book accounts for goods, wares and merchandise sold and delivered. Judgment for plaintiff. *Modified.*

Geo. W. Lamson, for Appellant.

Griffiths & Griffiths and J. A. Elston, for Respondents.

Counsel cite no authorities on points decided.

SULLIVAN, J.—This action was brought upon five causes of action for goods, wares and merchandise sold and delivered in the state of Arkansas. The allegation of the com-

plaint as to the sale and delivery of the goods and the amount still due was denied in the answer upon information and belief, and the allegation that the defendant removed from the state of Arkansas to the state of Idaho on or about the month of September, 1904, and has resided in the state of Idaho ever since, was denied by appellant, and he averred that he removed from Helena, Arkansas, to the state of Idaho on or about the —— day of June, 1904, and has since been a resident of the state of Idaho. Upon the issues thus made the case was tried by the court without a jury and finding of facts made and judgment entered in favor of the plaintiff in the sum of $2,900.99, with interest and costs. The appeal is from the judgment.

There are no errors assigned in the brief. The record shows that the judgment was made and entered on the 23d day of November, 1909, and the notice of appeal was served on the 21st day of February, 1910. It thus appears that the appeal was not taken within sixty days after the judgment was entered, and the case is for determination on the judgment-roll alone.

The record contains a paper entitled "Defendant's Statement and Bill of Exceptions on Appeal." This paper contains the evidence of several witnesses and embodies also the rulings of the court upon several questions raised during the trial. But it is contended by counsel for respondent that said paper is no part of the judgment-roll on this appeal, and he cites in support of his contention sec. 4456, Rev. Codes, as amended by Session Laws 1909, p. 76. Under subd. 2 of said section before it was amended, the judgment-roll in this class of cases consisted of the pleadings, a copy of the verdict of the jury or findings of the court or referee, all bills of exceptions taken and filed and a copy of any order made on demurrer or relating to a change of parties, and a copy of the judgment, etc. Under the amendment of 1909, bills of exceptions are omitted and are now no part of the judgment-roll under that subdivision. Said section, as amended, contains three subdivisions, and so far as the judgment-roll is concerned, subd. 2 provides what

papers shall constitute it. Subdivision 2 of said section is as follows:

"Section 4456. Immediately after entering the judgment, the clerk must attach together and file the following papers, which constitute the judgment-roll: . . . .

"2. In all other cases, the pleadings, a copy of the verdict of the jury, or findings of the court, or referee, a copy of any order made on demurrer, or relating to a change of the parties, and a copy of the judgment. If there are two or more defendants in the action, and any one of them has allowed judgment to pass against him by default, the summons, with proof of its service upon such defendant, must also be added to the other papers mentioned in this subdivision."

Under said provisions, said statement or bill of exceptions is not made a part of the judgment-roll, but that fact does not prevent it from becoming a part of the transcript on appeal from the judgment. Sec. 4818, Rev. Codes, provides that on an appeal from a final judgment the appellant shall furnish the court with a copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or statement in the case upon which the appellant relies. As the appellant relies upon said bill of exceptions, it is properly in the record.

It is next contended that the evidence is not sufficient to sustain the findings of the court. As this appeal was from the judgment and was not taken within sixty days after the rendition of the judgment, under the provisions of subd. 1, sec. 4807, Rev. Codes, the sufficiency of the evidence to sustain the findings of the court cannot be reviewed on this appeal.

It appears in the second cause of action as alleged in the complaint that Ulman & Co. had sold and delivered to the defendant goods, wares and merchandise of the value of $949.63, and that the sum of $443.63 had been paid thereon, leaving a balance due of $506.00, with interest. The trial court in preparing its findings of fact evidently overlooked the admitted credit of $443.63 and entered judgment for the full amount of $949.63, with interest thereon; hence the judgment entered was too large, and there must be deducted therefrom

said sum of $443.63, with interest thereon from the date it was paid, which amounts to $600.87, leaving a balance of $2,-315.32.

The judgment must therefore be modified and the cause remanded, with instructions to enter judgment for the sum of $2,315.32 and costs of suit.

We find no reversible error in the record.

Costs of this appeal are awarded to the appellants.

Stewart, C. J., concurs.