(March 29, 1913.)

N. O. STRAND, Respondent, v. CROOKED RIVER MINING & MILLING COMPANY et al., Respondents, E. H. HANSON, Intervenor, Respondent, and PETER MARREN, Appellant.

[131 Pac. 5.]

Appeal—Transcript—Time of Filing—Settlement of Reporter's Transcript—Undertaking—Time of Filing—Service of Transcript—Filing Praecipe for Papers—Delay.

1. Where an order has been made by a justice of this court upon a proper showing, extending the time within which the transcript may be filed beyond the period fixed by the statute and the rules of this court, and such transcript is filed within the time prescribed by the order, the appeal will not be dismissed.

2. Under the provisions of sec. 4434, Rev. Codes, as amended by chap. 119, Laws of 1911, p. 379, in order to review the matters contained in the stenographer's transcript, such transcript must be settled by the judge, and when so settled has the force and effect of a bill of exceptions duly settled and allowed, and will be deemed adequate to present for review any ruling appearing therein to have been excepted to; and when not so settled the same will be stricken from the transcript upon proper motion.

3. The certificate of the clerk of the district court that an undertaking on appeal has been filed within the time allowed by law is sufficient when no showing is made to the contrary that the same was not filed within the time prescribed by law.

4. Where it appears from the record on appeal that the transcript was not served upon the adverse party, and a motion is made

in this court to dismiss the appeal upon the ground that such transcript was not served, said motion will be sustained, as such statute is mandatory and requires the transcript to be served.

5. The fact that an appellant does not file a praecipe designating the papers desired to be included in the transcript with the clerk within five days, as required by sec. 4820a, Rev. Codes, under an act approved February 25, 1911, Laws of 1911, p. 375, is not a ground for dismissing an appeal, where the record shows that the attorneys certify that the transcript does contain all the papers desired to be included in the transcript, and the clerk certifies that the transcript contains all the files and records of the case.

6. The failure to file briefs within the time specified by the rules of this court is not a ground for dismissing the appeal, except that where other grounds exist, such fact may be taken into consideration in determining whether the appeal has been prosecuted with due diligence and not for the purpose of delay.

APPEAL from the District Court of the Second Judicial District for Idaho County. Hon. Edgar C. Steele, Judge.

Appeal dismissed.

John P. Gray and Frank A. McCarthy, for Appellant.

P. E. Stookey and A. S. Hardy, for Respondents.

Counsel file no briefs.

STEWART, J.—The respondent, E. H. Hanson, filed in this court, on March 17, 1913, a motion to dismiss the appeal. On the same day a motion was filed by the other respondents to dismiss the appeal. The motion made by the respondent Hanson assigns several grounds and includes the grounds set forth in the motion of the other respondents, and the two motions will be considered together.

The first ground for dismissal is, that the transcript was not filed in the supreme court or with the clerk thereof within the time provided by law and the rules of said court. This objection is overruled, for the reason that it appears that an order was made granting twenty days' additional time to that prescribed by law for the filing of such transcript, and the transcript was filed within the time fixed by the order.

The second ground for dismissal is that the stenographer's transcript of the proceedings and the reporter's transcript of the trial contained therein were never settled or approved by the judge who tried the cause. Upon the argument of this motion an oral motion was made that the transcript of the evidence as certified by the stenographer should be stricken from the transcript upon the ground that the same had not been settled and allowed by the trial judge. This oral motion will be sustained. In the case of *Grisinger v. Hubbard*, 21 Ida. 469, 122 Pac. 853, this court had under consideration the provision of the Rev. Codes, sec. 4434, as amended by chap. 119, Laws of 1911, p. 379, and held: "This section requires that in order to review the matters contained in such transcript on appeal in the supreme court, the same must be settled by the judge, and when so settled has the force and effect of a bill of exceptions duly settled and allowed, and shall be deemed adequate to present for review any ruling appearing therein to have been excepted to, etc.; that is, this section clearly requires that the trial judge shall settle the reporter's transcript, and that such settlement is a requisite to give to the transcript the effect of a bill of exceptions." This case was also approved by this court in the case of *Furey v. Taylor*, 22 Ida. 605, 127 Pac. 676. The second ground is not a ground upon which an appeal will be dismissed, and should not be presented upon motion.

The third ground is that there is no certificate in said transcript filed in said court showing the date of filing the undertaking with the clerk of the district court of the second judicial district, or that said undertaking was filed within the time allowed by law. An examination of the record in this case shows that it contains a certificate of the clerk that an undertaking in said cause in the sum of $600 for the costs was duly filed in said court, and inasmuch as the record does not contain the undertaking and no showing to the contrary being presented in opposition thereto, this court will presume that the bond was filed within the time prescribed by law. In this connection counsel for respondent has filed a certificate

of the clerk of the district court showing the filing of the bond on December 21st.

The fourth ground is, that the transcript was not served upon this intervenor nor upon any of the respondents within the time required by law and the rules of the court. The record does not show that the transcript was served on any of the parties. We call special attention to sec. 2, Laws of 1911, p. 380. The latter subdivision of said act provides that the party procuring the transcript to be made, or his attorney, is required to serve one copy together with a notice particularly describing by page and line any errors or omissions he claims to be disclosed by the transcript, in the event that there are any such errors or omissions, upon the adverse party or his attorney, or if there be more than one adverse party appearing by separate attorneys, then on one of those attorneys, in which latter case, however, he shall notify, in the manner that notices are required to be served, the other adverse parties or their attorneys, of the party on whom he has made such service. There is no record or receipt or showing made that the transcript filed in this court was ever served upon the adverse parties or their attorneys as required by the foregoing section. The failure to comply with sec. 2, Laws of 1911, p. 380, is an omission which is jurisdictional, and renders the appeal to this court ineffectual by reason of the fact that there is no record which has been furnished this court in accordance with the requirement of the statute, and there is nothing before this court upon which this court can pass upon appeal.

The fifth ground is, that the appellant never filed any praecipe for the papers he desired to be included in the transcript with the clerk within five days, as required by law. This objection is not well taken. This section of the statute is not mandatory, but directory, and in this case the record contains a certificate of the attorney of the appellant that the transcript contains all the papers and records in the case which were required by the praecipe, and the clerk's certificate to the transcript shows that the transcript contains all the files in said cause.

The sixth ground is based upon the fact that no brief has been filed or served on the respondents, and that thirty days have elapsed since the filing of the transcript and the service of the same. We do not believe that the failure to file a brief alone is sufficient ground to justify the dismissal of an appeal, except that the delay in filing the brief may be considered by the court in determining whether an appeal has been prosecuted with due diligence and not for the purpose of delay.

The seventh ground is stated as follows: "That all of said matters have prejudiced the respondents and resulted in delay, and have shown a manifest disregard of the law and the rules of said court." This objection appears to be well-founded, as shown herein in the discussion of the different grounds upon which the motion is based. The judgment was signed on the 31st day of May, 1912, and was filed on the 24th day of October, 1912; the notice of appeal is dated November 26, 1912, and was served, and filed on November 29, 1912. The transcript was filed in this court on February 17, 1913. Counsel for appellant in his oral argument, in opposition to the motion, admitted that counsel for appellant did not see the transcript from the time the judgment was rendered to the filing of the same in this court, and that no brief has been prepared or filed by the appellant. The only presumption that can be indulged in by this court is, that the failure to prepare a transcript and have the stenographer's record settled as provided by law, and the failure to furnish a complete record of the case within the time prescribed by law and the rules of this court, show that such appeal is taken for delay.

The record in this case is of such a character that this court feels that it is its duty to call attention to the duty of counsel for appellant to pursue the necessary steps required to complete and present appeals speedily, in good faith, and without unnecessary delay. Counsel for appellant should not overlook the duty due the client, and should not depend wholly upon the diligence of the clerk of the court or the stenographer, or counsel for respondent. The appellant is the aggressive party upon an appeal, and it is the duty of such

counsel to proceed with such appeals in accordance with the requirements of the statute and the rules of this court, and if this is done, there will be less criticism of delays in judicial proceedings, and cases will be in such a position that the court may dispose of all cases on appeal.

For the foregoing reasons the appeal is dismissed. Costs awarded to respondents.

Ailshie, C. J., and Sullivan, J., concur.