(June 12, 1917.)

## F. L. WELLS, Respondent, v. ELLA CROZIER CULP and LYNN W. CULP, Her Husband, Appellants.

[166 Pac. 218.]

NEW TRIAL—TRANSCRIPT ON APPEAL.

    1. The action of the trial court in overruling motion for new trial, based in part upon the minutes of the court, cannot be reviewed where the record of appeal fails to contain a transcript of the evidence duly settled by the trial judge.

    2. A transcript of the evidence not duly certified and settled by the trial judge cannot be considered on appeal, either from the judgment or from the order overruling the motion for new trial.

    [As to what proceedings are inconsistent with motion for new trial so as to waive right to move, see note in Ann. Cas. 1914B, 612.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Action to foreclose mortgage. Judgment for plaintiff. *Modified and affirmed.*

Lynn W. Culp, for Appellants.

F. A. McMaster and Alex Kasberg, for Respondent.

Counsel cite no authorities on points decided.

RICE, J.—This is an appeal from a decree foreclosing a certain mortgage upon property owned by the appellants and from an order of the court overruling appellants' motion for new trial. The motion for new trial was based in part upon the minutes of the court.

The record on appeal purports to contain a transcript of the evidence taken at the trial. It does not appear that this transcript was ever settled by the trial judge or certified by him to be correct. Sec. 4443, Rev. Codes, as amended by 1911 Sess. Laws, p. 378, is as follows: ''The judgment-roll and the

affidavits, or the records and files in the action; . . . . as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial, unless the motion be made on the minutes of the court, and in that case the judgment-roll and a reporter's transcript prepared in the manner prescribed by sec. 4434 of these Codes, with a copy of the order, shall constitute the record on appeal.'' Sec. 4434, referred to (Sess. Laws 1911, p. 379), requires that the trial judge must settle the transcript of the evidence, and when so settled said transcript shall have the force and effect of a bill of exceptions duly settled and allowed. In the absence of such settlement by the trial judge the purported transcript of the evidence cannot be considered in this court. Having failed to furnish this court with the record used by the trial judge in his consideration of the motion for new trial, his order overruling the same cannot be reviewed on this appeal.

The failure of the record to contain a transcript of the evidence duly certified and settled by the trial judge leaves only the judgment-roll to be reviewed on the appeal from the judgment.

The only assignment of error which is material has to do with the system of computation employed by the court in determining the amount due upon the notes. It is urged that the court erred in the computation as contained in its findings of fact and conclusions of law to the effect that the plaintiff was entitled to recover as principal and interest, exclusive of attorney's fees and costs, the sum of $2,781.48. Appellants have submitted a computation table showing the computation of interest according to the system used and employed by the court, and the result thereby obtained is $55.73 less than the result reached by the court. The computation as submitted by appellants has been carefully checked and found to be substantially correct, and this finding of fact and the decree based thereon should be modified to that extent.

The cause is remanded to the trial court, with instructions to modify the judgment by deducting therefrom the sum of $55.73, and as so modified the judgment is affirmed. Costs awarded to respondent.

Budge, C. J., and Morgan, J., concur.

Petition for rehearing denied.