(February 18, 1918.)

## BOISE-PAYETTE LUMBER COMPANY, a Corporation, Plaintiff, v. CHARLES P. McCARTHY, as Judge of the District Court of the Third Judicial District, Defendant.

[170 Pac. 920.]

Mandate—Reporter's Transcript as Bill of Exceptions—Settlement of.

1. A proper system of appeals, under art. 5, sec. 13, of the state constitution, includes not only the character of the record to be used upon appeal, but also the questions which may be raised by the record.

2. The constitution has committed to the legislature, and not to the courts, the task of prescribing what the record on appeal shall contain and the method by which it shall be prepared and authenticated.

3. The failure to make the service required by sections 4820a and 4434 of the Rev. Codes would divest this court of jurisdiction to consider on appeal the record or that portion thereof involved in the failure of service.

4. The statute relative to the preparation of a reporter's transcript to be used in lieu of a bill of exceptions indicates that the method prescribed thereby is the method to be pursued in all cases in which it is desired that the reporter's transcript of the testimony should be obtained and settled for use on appeal.

Original proceeding to obtain writ of mandate. Alternative writ issued. Quashed.

Edwin Snow, for Plaintiff.

The statute can have no literal application in the case at bar, and the spirit of the statute, which is designed to expedite appeals, is amply conserved if the transcript is filed within the period prescribed by the rules of this court.

"The fact that an appellant does not file a *praecipe* designating the papers desired to be included in the transcript, with the clerk within five days as required under Laws 1911, page 375, chapter 117, is not a ground for dismissing an appeal. Such requirement is directory, not mandatory."

(*Strand v. Crooked River Min. etc. Co.*, 23 Ida. 577, 131 Pac. 5.)

J. C. Johnston and J. J. McCue, for Defendant.

The failure to comply with the statute of 1911 (Sess. L. 380) is an omission which is jurisdictional, and renders the appeal ineffectual. (*Strand v. Crooked River Min. etc. Co.*, 23 Ida. 577, 131 Pac. 5; *Fischer v. Davis*, 24 Ida. 216, 225, 133 Pac. 910; *In re Keating's Estate*, 158 Cal. 109, 110 Pac. 109; *Watson v. Dingley*, 14 Cal. App. 88, 111 Pac. 106; *Dyer Law & Collection Co. v. Salisbury*, 17 Cal. App. 393, 119 Pac. 947; *Connor v. Southern California Motor Road Co.*, 101 Cal. 429, 35 Pac. 990; *Donovan v. Aetna Indemnity Co.*, 10 Cal. App. 723, 103 Pac. 365; *Hoehman v. New York Dry Goods Co.*, 8 Ida. 66, 67 Pac. 796.)

"A judge who refuses to settle a bill of exceptions because not presented in proper time, and because the delay was inexcusable, cannot be compelled to do so by *mandamus*." (*Brown v. Prewett*, 94 Cal. 502, 29 Pac. 951; *Tregambo v. Comanche Mill & Min. Co.*, 57 Cal. 501, 503; *In re Clary's Estate*, 112 Cal. 292, 44 Pac. 569; *Cameron v. Arcata etc. R. R. Co.*, 129 Cal. 279, 61 Pac. 955; *Freese v. Freese*, 134 Cal. 48, 66 Pac. 43; *Featherstone v. Keane*, 18 Ida. 24, 108 Pac. 337.)

RICE, J.—This is an original proceeding in this court to obtain a writ of mandate directed to the Honorable Charles P. McCarthy, as judge of the district court of the third judicial district, commanding him to settle the reporter's transcript in the case of *Hans P. Hansen v. Boise-Payette Lumber Co., a Corporation*, as a bill of exceptions to be used upon an appeal to this court. The notice of appeal below was served and filed on April 21, 1917. At that time the appellant had in its possession a completed transcript which had been prepared for use upon an appeal which was afterward found to have been prematurely taken. This transcript was not served upon the adverse parties until June 5, 1917. The question presented by this proceeding is as to

whether or not service of the reporter's transcript within five days after its receipt by the appellant is mandatory.

Art. 5, sec. 13, of the constitution provides that the legislature shall provide a proper system of appeals. A proper system of appeals includes not only the character of the record to be reviewed upon appeal, but also the questions which may be raised by the record. The constitution has committed to the legislature, and not to the courts, the task of prescribing what the record on appeal shall contain and the method by which it shall be prepared and authenticated. (*State v. Maguire, ante,* p. 24, 169 Pac. 175; *Athey v. Oregon Short Line R. Co.,* 30 Ida. 318, 165 Pac. 1116; *Evans State Bank v. Skeen,* 30 Ida. 703, 167 Pac. 1165.)

Subdivision 2 of sec. 4434, as amended Sess. Laws 1911, c. 119, p. 379, reads as follows: "Upon receipt of said transcript, the clerk shall mark the original and two copies as lodged on the date of said receipt, and shall deliver the remaining copies to the party procuring the same to be made, or to his attorney, and such party or his attorney shall, within five days from the receipt thereof, serve one copy, together with a notice particularly designating by page and line any errors or omissions which he claims to be disclosed by the transcript, in the event he claims that there are any such errors or omissions, upon the adverse party or his attorney. . . . . "

In the case of *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12, it is said: "Sec. 4434, Rev. Codes, as amended by Sess. Laws 1911, pp. 379, 380, requires service of the reporter's transcript of the testimony within five days after receipt thereof upon the adverse party or his attorney. . . . . The service provided for by sections 4820a and 4434 is mandatory, and failure to make such service as required by the sections of the statute referred to divests this court of jurisdiction to entertain the appeal."

The language just quoted might lead to some confusion. We take this occasion, therefore, to modify the statement made above in this particular: That the failure to make the service required by sections 4820a and 4434 would divest this

court of jurisdiction to consider on appeal the record or that portion thereof involved in the failure of service. Such failure of service might in proper cases be ground for a motion to strike, and neither in that case nor in this are we considering the question as to whether such service may be waived.

The plaintiff in this case suggests that since the reporter's transcript was lodged with the clerk of the court and delivered to plaintiff's attorney before the appeal was taken, the section of the statute quoted above does not apply, and therefore the statute does not prescribe any fixed time within which such service must be made, and service within a reasonable time is all that is required.

We do not find in the statute any warrant for this construction. The statute on its face indicates that the method prescribed thereby is the method to be pursued in all cases in which it is desired that the reporter's transcript of the testimony should be obtained and settled for use on appeal in lieu of a bill of exceptions.

In this case, objection having been made to the settlement of the reporter's transcript on the ground that the service thereof was not made within the time prescribed by the statute, the court was bound to sustain the objection.

The alternative writ will be quashed. Costs awarded to the defendant.

Budge, C. J., and Morgan, J., concur.