(November 11, 1918.)

MINNEAPOLIS THRESHING MACHINE COMPANY, a Corporation, Appellant, v. WILLIAM PETERSON, DAVID McARTHUR, H. J. OLSON and W. H. McCULLOCH, Respondents.

[176 Pac. 99.]

APPEAL AND ERROR—TRANSCRIPT ON APPEAL—QUESTIONS REVIEWABLE.

1. A transcript of the evidence not duly certified and settled by the trial judge cannot be considered on appeal from the judgment.

2. Errors of the trial court in giving or refusing instructions to the jury must be presented either by reporter's transcript of the testimony and proceedings or by bill of exceptions duly settled and allowed.

APPEAL from the District Court of the Ninth Judicial District, for Madison County.   Hon. James G. Gwinn, Judge.

Action on contract.   Judgment for defendants.   *Affirmed.*

George H. Lowe, for Appellant.

C. W. Poole, N. D. Jackson and B. H. Miller, for Respondents.

Counsel cite no authorities on points decided.

RICE, J.—This case was tried to a jury, the trial resulting in a verdict for defendants, respondents here, and a judgment dismissing the action.   The appeal is from the judgment.

The only errors assigned by appellant relate to the sufficiency of the evidence to sustain the verdict, rulings of the court in the admission of evidence, and to alleged errors in giving and refusing instructions to the jury.

The record contains what purports to be a reporter's transcript of the proceedings had at the trial.   There is no certificate of the trial judge settling the reporter's transcript, and therefore it cannot be reviewed by this court. (*Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853; *Strand v. Crooked River Min. Co.,* 23 Ida. 577, 131 Pac. 5; *Wells v. Culp,* 30 Ida. 438, 166 Pac. 218.)

The case must be considered as an appeal on the judgment-roll alone.   (*Chapman v. Averill Mach. Co.,* 28 Ida. 121, 152 Pac. 573; *Wells v. Culp, supra.*)

The judgment-roll alone presents no question as to the sufficiency of the evidence to sustain the verdict, or as to the action of the court in admitting or rejecting testimony offered. (See *Haas v. Teters,* 19 Ida. 182, 113 Pac. 96.)

Instructions given or refused at the trial are not part of the judgment-roll.   Questions relating thereto are properly presented in a reporter's transcript of the testimony and pro-

ceedings duly settled and certified.   (Rev. Codes, sec. 4434; Sess. Laws 1911, p. 379.)

Unless the alleged errors of the court in giving and refusing instructions to the jury are presented by the reporter's transcript, they can only be reviewed when saved by a bill of exceptions.  (See *Crowley v. Croesus Min. Co.,* 12 Ida. 530, 86 Pac. 536.)

There is no bill of exceptions in the record.

No error appearing in the judgment-roll, the judgment is affirmed with costs to respondents.

Budge, C. J., and Morgan, J., concur.