(November 29, 1921.)

COLUMBIA TRUST COMPANY, a Corporation, as Trustee, Respondent, v. HARRY R. BALDING and LOUISA BALDING, His Wife, Appellants.

[205 Pac. 264.]

APPEAL AND ERROR—TRANSCRIPT ON APPEAL—SERVICE OF—MANDATORY —DISMISSAL OF APPEAL.

The service of the reporter's transcript of the testimony, as required by C. S., sec. 6886, subd. 2, and of the clerk's transcript, as required by C. S. sec. 7166, subd. 3, is mandatory, and a failure to make such service as is therein required divests this court of jurisdiction to consider on appeal the record or such portion thereof as is involved in the failure of service.

APPEAL from the District Court of the Sixth Judicial District, for Butte County.  Hon. F. J. Cowen, Judge.

Action in foreclosure.  Judgment for plaintiff.  Appeal dismissed.

H. F. Hansbrough, for Appellants, filed no brief.

Peterson & Coffin and Story & Steigmeyer, for Respondent.

The failure of the appellants to serve a copy of the transcript upon the respondent; the settlement of the transcript by the trial court without notice to the respondent, and in its absence, and the failure of the appellants to lodge the transcript in the supreme court within sixty days after the settlement thereof by the trial court, or within six months after the perfecting of the appeal, no extension of

time within which to serve and file said transcript in the supreme court having been obtained from said court or a justice thereof, are facts which entitle respondent to a dismissal of said appeal. (*Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *Wolter v. Church,* 30 Ida. 427, 165 Pac. 521; *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12; *Worthman v. Shane,* 31 Ida. 433, 173 Pac. 750; *Hansen v. Boise-Payette Lumber Co.,* 31 Ida. 600, 174 Pac. 703; *Peterson v. Phelps,* 31 Ida. 692, 175 Pac. 709; *Iowa State Savings Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812; *Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148; *Welch v. Spokane International Ry. Co.,* 32 Ida. 668, 186 Pac. 915; *Scott v. Madarica,* 32 Ida. 756, 188 Pac. 37.)

BUDGE, J.—This is an appeal from a judgment foreclosing a lien on certain stock owned by appellants in the Blaine County Canal Company, and foreclosing all of appellants' right, title and interest in and to certain lands to which the water right evidenced by said stock is appurtenant, under what is commonly known as the Carey Act.

From the record it appears that judgment was entered in this cause on May 29, 1919, and the appeal perfected therefrom on August 13, 1919; that on August 15, 1919, the district judge made an order directing the court reporter to prepare, complete and lodge his transcript with the clerk on or before September 24, 1919; that on October 7, 1919, an order was made extending the time for completing and lodging said transcript until December 1, 1919, and on December 9, 1919, a further extension was granted until February 1, 1920; that the reporter's transcript was filed with the clerk on January 11, 1920, by whom two copies were sent to appellants' attorneys by mail on January 12, 1920; that the transcript was settled and allowed by the district judge on January 21, 1921; that appellants' attorneys, Messrs. Clark & Clark, withdrew from the case on January 27, 1921, and that W. A. Brodhead, Esq., withdrew from the case on July 14, 1921; and that the completed transcript was

delivered by the clerk to appellants' present attorney on September 15, 1921, and was lodged with the clerk of the supreme court on September 19, 1921.

Respondent has moved to dismiss this appeal for the reason that:

"The appellants have not at any time served a copy of such reporter's transcript upon the respondent; that without any notice, whatsoever, to the respondent, and in its absence, the transcript of the record herein was approved and settled by the trial court on the twentieth day of January, 1921; that more than sixty days have elapsed since the settlement of said transcript by the trial court as aforesaid, and that more than six months have elapsed since the perfecting of the appeal in said cause as aforesaid."

Rule 26 of the rules of this court provides that: " . . . . in all cases in which the record on appeal shall contain a reporter's transcript of the testimony prepared under C. S., sec. 6886, the record on appeal must be served and filed in this court within 60 days after the settlement of or refusal to settle the transcript by the trial court, . . . . in no case shall a transcript on appeal be filed in this court more than six months after the perfecting of the appeal, except by order of the court or one of the justices thereof upon a showing of due diligence. . . . . "

Rule 29 provides that: "If the transcript of record is not filed within the time prescribed by rule 26, the appeal may be dismissed. . . . . "

Moreover, C. S., sec. 6886, subd. 2, requires the service of the reporter's transcript within five days after the receipt thereof from the clerk, upon the adverse party or his attorney, and provides that the adverse party shall have ten days after such service within which to point out by notice any errors in such transcript.

C. S., sec. 7166, subd. 3, requires the appellant or his attorney, upon receipt of two copies of the clerk's transcript, to forthwith serve one copy upon the adverse party or his attorney.

The service required by C. S., sec. 6886, subd. 2, and sec. 7166, subd. 3, is mandatory, and a failure to make such service as is therein required divests this court of jurisdiction to consider on appeal the record or such portion thereof as is involved in the failure of service. (*Strand v. Crooked River Min. etc. Co.,* 23 Ida. 577, 131 Pac. 5; *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728; *Boise-Payette Lumber Co. v. McCarthy,* 31 Ida. 305, 170 Pac. 920; *Hansen v. Boise-Payette Lumber Co.,* 31 Ida. 600, 174 Pac. 703.)

In this case, neither the reporter's nor the clerk's transcript was served, the record on appeal was not filed within 60 days after settlement of the reporter's transcript, and no showing is made that the failure to file the transcript was not due to the fault of appellant. Nothing remains, therefore, for this court to consider, and the appeal must be dismissed. Costs are awarded to respondent.

Rice, C. J., and McCarthy and Lee, JJ., concur.

Dunn, J., dissents.


(March 28, 1922.)

ON REHEARING.

LEE, J.—This cause was before the court upon respondent's motion to dismiss the appeal, which was heard and sustained for the reasons stated in the original opinion, *ante,* p. 579, 205 Pac. 264. Appellants petitioned for a rehearing on said order of dismissal, and set forth as reasons therefor: (1) That they employed counsel to defend their cause in the district and also in the supreme court, under the terms of a written contract which had been kept and performed by them; (2) that after their appeal had been perfected by their counsel on August 13, 1919, by inadvertence, mistake or oversight he permitted the time in which the transcript should have been filed to expire, and failed to file the same, without the knowledge or fault of appellants; (3) that they

and their present counsel never knew any reason why said transcript was not filed and served in time; (4) that in the former hearing upon this motion, appellants were unable to give their present counsel, who was employed about September 10, 1921, the facts or reasons why the former counsel had failed to serve said transcript in time; (5) that appellants' present counsel was unable to obtain the facts or reasons given by appellants' former counsel as to why they had failed to take said appeal, until after the same had been dismissed; (6) that the reasons given by the former counsel for such failure do not appear to be valid reasons; (7) that for the reasons stated, appellants were unable to make the showing against the motion to dismiss they now make. They asked for a rehearing, and in support of said petition filed numerous affidavits and exhibits which tended to support some of their claims, and a rehearing was granted.

As stated in the original opinion, it appears from the record that the judgment from which this appeal was taken was entered on May 29, 1919; that an appeal therefrom was perfected August 13th following; that the reporter's transcript was lodged with the clerk of the court below January 11, 1920, and within the time allowed by the court for its preparation; that two copies were by the clerk immediately sent to appellants' attorneys; and that the trial judge settled and allowed such reporter's transcript January 21, 1921. This reporter's transcript does not show that it was served upon respondent's counsel prior to its settlement, and the motion to dismiss is in part based upon such failure of service and because of respondent's counsel having no notice of the time and place of such settlement. That it was not served, and that notice of its settlement was not given to respondent's attorneys, appears to be conceded, because the affidavit of appellants' present attorney, who did not come into the case until September, 1921, shows that he transmitted to respondent's counsel at Salt Lake City a completed transcript on appeal September 16, 1921.

The petition for rehearing, with the accompanying record, presents the single question as to whether this court can entertain an appeal under this state of facts, where the only reason given by appellants for a failure to prosecute their appeal in time is that they employed counsel to do so, and were not aware that it had not been done until long after the time had expired for filing the record on appeal in this court.

The procedure in this court, as in every court of last resort, is of a character to require the services of experienced practitioners, who must also be officers of this court. Without such professional aid the ordinary litigant cannot avail himself of the right of appeal. We think this right should not be denied without cogent reasons, where an appellant has himself been without fault, and sufficient has been done to give this court jurisdiction. But the powers and duties of this court are circumscribed and defined by the constitution and laws of the state relating to its appellate jurisdiction, and those who seek to invoke its supervisory power, in matters of appeal, must bring themselves within the requirements necessary to give it jurisdiction, otherwise it is powerless to afford relief to an appellant, although he may be without fault in the matter.

As said in the former opinion in this case: "The service required by C. S., sec. 6886, subd. 2, and 7166, subd. 3, is mandatory, and a failure to make such service as is therein required divests this court of jurisdiction to consider on appeal the record, or such portion thereof as is involved in the failure of service," citing numerous decisions where this court has so held.

This court has repeatedly held that the failure to serve and have settled and filed the reporter's transcript, as required by C. S., sec. 6886, subds. 2 and 3, deprives this court of jurisdiction to consider on appeal any question presented by such transcript. (*Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853; *Furey v. Taylor,* 22 Ida. 605, 127 Pac. 676; *Strand v. Crooked River etc. Co.,*

23 Ida. 577, 131 Pac. 5; *Chapman v. A. H. Averill Machinery Co.*, 28 Ida. 121, 152 Pac. 573; *Wells v. Culp*, 30 Ida. 438, 166 Pac. 218; *Minneapolis Threshing Mach. Co. v. Peterson*, 31 Ida. 745, 176 Pac. 99.)

It has also been held that a failure to serve and file the completed transcript on appeal as required by C. S., sec. 7166, and rule 26 of this court, unless the time for doing so has been extended as provided by Rule 28, operates to deprive this court of jurisdiction to entertain the appeal over the objection of the adverse party. (*Bohannon Dredging Co. v. England*, 30 Ida. 721, 168 Pac. 12; *Boise-Payette Lumber Co. v. McCarthy*, 31 Ida. 305, 170 Pac. 920.)

It appears from the showing made in support of this application that the respondent had commenced a number of actions in the sixth judicial district court, in and for Butte county, to foreclose liens against the interest of settlers under the Blaine County Irrigation Company and the Blaine County Investment Company, these two companies being closely allied in interest, and respondent being trustee holding the securities constituting the causes of action being foreclosed, and that the settlers united in an agreement to employ counsel to defend all of said actions in both the district and supreme courts. It further appears that after the trial of this cause in the district court and the entry of judgment, negotiations were entered into between respondent's attorneys and these settlers and their attorneys, and that a majority of the settlers, probably all of them with the exception of appellants, accepted respondent's proposal for a settlement of the controversy. These negotiations for settlement were pending at or about the time the record on appeal in this cause should have been perfected and sent up to this court. It appears from the affidavit of one of the attorneys, filed in support of this rehearing, that appellants' counsel neglected to complete such record and have the same transmitted to this court because of these negotiations for settlement, and his belief that such settlement would be made. If it appeared that appellants or their counsel were lulled

into repose, or were by any act on the part of respondent induced to believe that a settlement had been or would be made, and for this reason the record on appeal had not been completed and filed in this court in due time, a different question might be presented. But from the record, and particularly the counter-affidavit filed by respondent's counsel, to which is attached a transcript of the entire correspondence had regarding these negotiations for settlement, it is apparent that the course of action on the part of appellants was such as to cause respondent to believe that they had accepted the terms of settlement, and that it later learned with surprise that appellants were insisting on appealing their case to this court, and that at no time was any action taken on the part of respondent or its counsel that misled appellants or induced them to forego perfecting their appeal, in case they decided not to accept the proposed settlement.

This appeal having been perfected August 13, 1919, and the reporter's transcript not having been served, settled or filed as required by the statute, and the completed record on appeal not having been filed in this court until September 16, 1921, and no reason appearing why the respondent should be estopped from insisting upon its motion to dismiss the same, or that could give this court jurisdiction to hear said appeal upon merit, the former order dismissing this appeal must be sustained, and it is so ordered.

Rice, C. J., and Budge and McCarthy, JJ., concur.

Dunn, J., dissents.