(August 21, 1925.)

FORT MISERY HIGHWAY DISTRICT (in Idaho County, Idaho), Respondent, v. STATE BANK OF KAMIAH, Insolvent, and E. W. PORTER (Substituted for J. G. FRALICK), as Commissioner of Finance of the State of Idaho, and E. SCOTT, as Agent in Charge of Said State Bank of Kamiah, Appellants.

[239 Pac. 277.]

APPEAL AND ERROR—REPORTER'S TRANSCRIPT—SERVICE—TIME MANDATORY—LACHES IN SETTLEMENT—DISMISSAL OF APPEAL.

1. Service of the reporter's transcript of the testimony upon the adverse party within the time fixed by C. S., sec. 6886, subd. 2, is mandatory. Failure to make service as therein required divests this court of the jurisdiction to consider on appeal the record or that portion thereof involved in the failure of service.

2. Where the record shows gross laches on the part of appellant in the matter of application for settlement of the reporter's transcript, upon proper motion therefor such transcript will be stricken from the files of this court.

3. Where the granting of a motion to strike reporter's transcript from the files leaves no question which this court can properly consider, the appeal will be dismissed.

APPEAL from the District Court of the Tenth Judicial District for Lewis County. Hon. Wallace N. Scales, Judge.

Action to impress trust upon funds of insolvent bank, Judgment for plaintiff. Appeal *dismissed*.

A. S. Hardy and James F. Ailshie, for Respondent.

"Rule 26 having been adopted in compliance with subd. 3 of C. S., sec. 7166, it has the same force as if it were a legislative enactment, and may only be suspended where appellant is without fault, and would be, by its enforcement, unjustly or fraudulently deprived of his right to appeal." (*California Gulch Placer Min. Co. v. Patrick*, 37 Ida. 661, 218 Pac. 378; *National Park Lumber Co. v. Nelson*, 37 Ida. 758, 218 Pac. 367.)

"If transcript on appeal is not filed in this court within the time prescribed by rule 26, or such extension thereof as may be granted under rule 28, the appeal will be dismissed on motion, unless appellant makes a showing that excuses such failure." (*Utana Min. Corp. v. Salmon River P. & L. Co.*, 37 Ida. 793, 218 Pac. 789; *Stout v. Cunningham*, 29 Ida. 809, 162 Pac. 928; *Gates v. Todd Com. Co.*, 36 Ida. 784, 213 Pac. 1017; *Lake & Co. v. Bales*, 36 Ida. 142, 210 Pac. 396; *Gemmell v. Collins*, 36 Ida. 416, 210 Pac. 738; *Parkinson v. Winzler*, 36 Ida. 449, 210 Pac. 738; *Blumauer-Frank Drug Co. v. First Nat. Bank*, 35 Ida. 436, 206 Pac. 807; *T. W. & L. O. Naylor Co. v. Bowman*, 36 Ida. 211, 209 Pac. 1071; *Dye v. Moscow State Bank*, 36 Ida. 464, 212 Pac. 870; *Iowa State Sav. Bank v. Twomey*, 31 Ida. 683, 175 Pac. 812.)

"The showing now made would have been proper and perhaps sufficient in support of such application. It is not sufficient as an excuse for failure to apply for an extension and therefore due diligence does not appear." (*Hansen v. Boise-Payette Lumber Co.*, 31 Ida. 600, 174 Pac. 703; *Boise-Payette Lumber Co. v. McCarthy*, 31 Ida. 305, 170 Pac. 920; *Worthman v. Shane*, 31 Ida. 433, 173 Pac. 750.)

John R. Becker, for Appellants.

Jurisdiction to entertain an appeal is not dependent upon compliance with rules 26 and 28. (*Stout v. Cunningham*, 29 Ida. 809, 162 Pac. 928; *Lucas v. City of Nampa*, 37 Ida. 763, 219 Pac. 596; *Booth v. Drainage Dist. No. 3*,

40 Ida. 549, 235 Pac. 895; 2 Hayne, New Trial and Appeal, Rev. ed., sec. 269.)

The enforcement of rules 26 and 28 is discretionary with the court, and the same may and should be waived or suspended to subserve the ends of justice. (*United States v. Breitling,* 20 How. (U. S.) 252, 15 L. ed. 900; *Pickett v. Wallace,* 54 Cal. 147; *Sullivan v. Wallace,* 73 Cal. 307, 14 Pac. 789; 15 C. J. 912.)

Where a state officer has proceeded in good faith to liquidate numerous insolvent banks in accordance with an act of the legislature prescribing his powers and duties, a decision of a district court declaring such legislative act unconstitutional should be reviewed by the appellate court, wherein a sufficient record for that purpose is on file, notwithstanding informalities in complying with court rules in the prosecution of the appeal. (*Cohens v. Virginia,* 6 Wheat. 264, 5 L. ed. 257; *Marbury v. Madison,* 1 Cranch, 137, 2 L. ed. 60; 6 R. C. L., pp. 70, 78.)

Where a public officer, by virtue of a judgment rendered in a district court declaring the claim in controversy to be a prior lien on any and all funds in his hands, superior to expenses of administration, is thereby deterred from incurring further expense, for the employment of counsel or otherwise, such embarrassment should be taken into consideration in determining the question of diligence, on the part of volunteer counsel for appellant, in prosecuting an appeal from such judgment. (*Hubback v. Ross,* 79 Cal. 564, 21 Pac. 965.)

Where a district court reporter, charged by law with the duty of preparing transcripts on appeal, fails to complete and lodge a transcript with the clerk of the district court until after the expiration of the time prescribed by rule of the appellate court for filing the completed transcript therein, the rule should not be enforced and the penalty of dismissal imposed upon an appellant who is personally without fault. (C. S., sec. 6886; *Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910; *Moody v. Crane,* 34 Ida. 103, 199 Pac. 652.)

"This court has never held that failure to obtain an extension of time is conclusive and absolute proof of negligence which cannot be rebutted." (*Neilson v. Board of Commrs.*, 40 Ida. 481, 234 Pac. 686; *California Gulch P. M. Co. v. Patrick*, 37 Ida. 661, 218 Pac. 378; *Booth v. Drainage Dist. No. 3*, 40 Ida. 549, 235 Pac. 895.)

BUDGE, J.—In this case judgment was entered October 16, 1923, in favor of the respondent, from which judgment an appeal was perfected on January 15, 1924. Respondent, by proper notice and motion filed in this court, has moved to strike the reporter's transcript from the files of this court for the reason and on the ground that same was never served upon respondent or its counsel in the manner or within the time required by law, or at all; that no application was ever made to have the same settled within the time required by law or the rules of this court; that no jurisdiction exists to settle the transcript; that appellants have been guilty of prejudicial delay in respect to said matters; and for the further reasons that the same has never been actually settled either by the judge who tried the cause or by any judge or court within the time required by law or the rules of this court, or at all, that the pretended settlement thereof indorsed upon said transcript is not an actual settlement of the same and is founded upon a misconception of an order of this court, and that the same has never been filed in the district court in which the said cause was tried and the same is not properly a part of the record in said cause.

The foregoing motion is supported by the affidavits of the attorneys for the respondent and the clerk of the district court of the tenth judicial district and upon certain correspondence between said clerk and the attorneys for appellants, as well as certain correspondence between the attorneys for the respondent and the attorneys for the appellants, and upon the records and files in the action. It is resisted upon the affidavit of one of the attorneys for the appellants and certain cor-

respondence had between said attorney and the attorneys for the respondent and upon the files in the action.

It appears from the record that the reporter's transcript of the testimony was lodged with the clerk of the district court of the tenth judicial district on April 21, 1924, and that on April 25, 1924, the clerk sent two copies of such transcript, bound together with an incomplete clerk's transcript, by express to the attorneys for the appellants, who received them the following day. On May 5, 1924, the attorneys for the appellants returned the transcripts to the clerk accompanied by a letter in which they suggested, to the end that the clerk's transcript be complete, that a certain alleged order for hearing in chambers be inserted in the clerk's transcript and further directed the clerk to insert the title and index pages and add his own certificate. This was done, and the reporter's transcript together with the clerk's transcript completed as requested was returned to the attorneys for appellants on May 10, 1924. On May 13, 1924, appellants attorney sent by express to one of the respondent's attorneys what they designated as a completed transcript, which had not been settled or submitted to the trial court for settlement, or theretofore been served on the attorneys for the respondent. It will therefore be observed that the reporter's transcript was received by counsel for appellants on April 26, 1924, and that it was not served upon counsel for the respondent until May 13, 1924, when it was included in what purported to be a completed transcript on appeal.

C. S., sec. 6886, subd. 2, provides that upon receipt of the reporter's transcript the clerk shall deliver two copies to the person procuring the same to be made, or his attorney, and such party or his attorney shall *within five days from the receipt thereof,* serve one copy on the adverse party or his attorney. The provisions of this subdivision of the statute have been construed by the court in the cases of *Strand v. Crooked River Min. etc. Co.,* 23 Ida. 577, 131 Pac. 5, *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12, *Boise-Payette Lumber Co.*

*v. McCarthy,* 31 Ida. 305, 170 Pac. 920, and *Columbia Trust Company v. Balding,* 34 Ida. 579, 205 Pac. 264. These cases lay down the rule that the provisions of this subdivision with respect to time of service of the reporter's transcript of the testimony upon the adverse party are mandatory; that the failure to make service as therein required divests this court of the jurisdiction to consider on appeal the record or that portion thereof involved in the failure of service. The clerk of the court in this instance delivered the reporter's transcript to the appellants' attorneys on April 26, 1924. It was not until May 13, 1924, that such transcript was served by appellants upon counsel for respondent. The motion to strike the reporter's transcript should therefore be sustained.

It further appears from the record that no timely application was made by appellants for the settlement of the reporter's transcript, the record disclosing the fact that the clerk of the district court by direction of appellants' counsel filed with the clerk of this court three copies of the transcript without having the same settled by the judge who tried the cause as required by C. S., sec. 6886, subd. 3, and only after motion had been made in this court for dismissal of the appeal did the appellants seek to have the transcript settled by the successor of the trial judge, and then not within the time required by law or the rules of this court.

By the striking of the reporter's transcript there is nothing before this court but the judgment-roll. No fundamental error appearing in such roll, the appeal should be dismissed, and is so ordered. Costs are awarded to the respondent.

William A. Lee, C. J., concurs.

TAYLOR, J., Concurring Specially.—The appeal in this case was perfected January 15, 1924. A reporter's transcript was lodged with the clerk April 21, 1924. It seems that a praecipe for record on appeal had been given to the clerk before this. On April 25th, the clerk sent two

copies of what from the correspondence would appear to be a clerk's transcript, including the reporter's transcript, to counsel for appellants. The appellants' attorneys kept this transcript over ten days, and then returned it to the clerk with suggested changes in the clerk's transcript. On May 10th, the clerk again sent two copies to appellants' counsel completed. These appellants' counsel then served upon counsel for respondent by express, with a letter suggesting no changes in the reporter's transcript, but reciting them as "two copies of the completed transcript." The only suggested change was as to something in the notice of appeal, which is no part of the reporter's transcript. A controversy arose between counsel. No steps were taken to have the reporter's transcript settled, and on September 29, 1924, on motion to dismiss the appeal, this court ordered "that the record on appeal be completed, served and filed and the motion to dismiss the appeal be held in abeyance to be submitted and considered when the case is submitted on the merits."

The appellants took no further steps to settle the reporter's transcript until October 2, 1924, and at no time asked or received any extension of time to file a clerk's transcript in this court. On November 29, 1924, the reporter's transcript was brought on for settlement, and settled by the Hon. Miles S. Johnson, Judge of the court, reciting: "By virtue of the order of the Supreme Court this transcript is settled . . . ."

Appellants' counsel contend that they had previously sent a copy of the incomplete clerk's transcript, including the unsettled reporter's transcript, to counsel for respondent, and were thus deprived of any way to serve for settlement a reporter's transcript earlier. They must have always had on hand their own copy of the reporter's transcript, of which they could have made use. Appellants have wholly misconceived the practice prescribed by statute for settling a reporter's transcript. The reporter's transcript was not served within five days, as provided by statute, nor within any reasonable time thereafter, nor has

any sufficient excuse been shown for the failure to serve it. The reporter's transcript was, therefore, stricken from the record.

The motion to dismiss the appeal involves also the clerk's transcript. As said, no extension of time was ever secured for filing this, and it was not filed in this court within the time prescribed by the rules, nor for a long time thereafter, the appeal having been taken on January 15, 1924, and the clerk's transcript filed in this court on December 8, 1924. No sufficient excuse is shown for this failure and negligence. The appeal should, therefore, be dismissed.

Wm. E. Lee and Givens, JJ., dissent from both of the foregoing opinions.